JOHN CUNNINGHAM, Appellant, *v.* RICHARD C. WRENN *et al.,* Appellees.

### APPEAL FROM MARION.

Where A. and B. contracted together that B. should make and deliver to A. certain quantities of brick, for which five hundred dollars were to be paid to B. as a condition precedent, and B. gave C. and D. as sureties for his performance, and A. failed to pay the five hundred dollars at the time, by consent of B., the sureties would be released; the waiver of this condition, by B., without their consent, released them.

A change of the agreement by A. and B., without the consent of the sureties, released them.

Resort must be had to a court of equity to reform an agreement; a court of law cannot aid in such a proceeding.

Where sureties agreed, by bond, that A. should deliver one thousand brick to B., they cannot be held liable at law, on the bond, because A. failed to deliver one hundred thousand brick.

THIS was an action of debt on a bond by appellant, against Wrenn, and Solomon P. Nave and one Rufus P. McElwain, the latter parties being sureties on a bond given by Wrenn to Cunningham, conditioned that Wrenn should furnish two hundred thousand brick, at the times and in the manner stated in a contract relative to the brick, made between Wrenn and Cunningham, to which the sureties were not parties. The agreement between Cunningham and Wrenn, dated the 20th day of May, 1858, stated that the latter agreed to make for the former, two hundred thousand brick, the first one thousand to be delivered on or before the first day of August then next. The second one. hundred thousand to be delivered in thirty-five days thereafter. Five hundred dollars were provided to be paid to Wrenn in one week from date of contract; the remainder by installments.

The declaration averred that one thousand was inserted in the contract between Cunningham and Wrenn, in lieu of one hundred thousand, and a witness was called to prove the fact.

There was a judgment for the defendants in the court below. Plaintiffs below appealed.

The cause was tried by O'MELVENY, Judge.

BRYAM & SCHAFFER, for Appellant.

ISHAM HAYNIE, for Appellees.

WALKER, J.   The payment of five hundred dollars by appellant within one week after the execution of the agreement, was a condition precedent to the performance of this contract by Wrenn.   Without a strict compliance on his part, appellant could have no right of recovery against Wrenn for a failure on his part, unless the breach were waived by Wrenn.   When appellant failed to make that payment within the time agreed upon, Wrenn had the right to abandon the contract, and to refuse to receive the money, or to deliver the bricks.   The agreement was then at an end, as far as Wrenn was concerned, but as far as his rights were involved, he might either by an express or an implied agreement, waive the breach, and revive the contract.   This he did when he received the money after the stipulated time for its payment.   But Nave and McElwain were guarantors or securities for its performance on the part of Wrenn, and as such were parties to the agreement.   When they entered into the bond guaranteeing a performance by Wrenn, it was undoubtedly in view of all of the terms and stipulations contained in the agreement between appellant and Wrenn. The payment of the five hundred dollars as agreed, may have constituted the controling inducement to guaranty a performance by Wrenn.   They may have believed, that without this advance on the contract, that Wrenn would be unable to comply with his agreement, and without it perhaps they would have refused to become bound for his performance.   It is true that they could with the other parties, have changed the terms of the agreement, but until that was done, they had the right to insist upon its performance according to its terms.

The appellant, to recover against the sureties, should have fully kept and performed his part of the agreement, or if he had failed to perform any precedent act on his part, he should have shown a waiver of the breach by them.   Any agreement between him and Wrenn, by which the terms of the agreement were changed without the assent of the sureties, released them from liability.   *Whictcher* v. *Hall*, 5 B. and C. 269; *Trustees* v. *Miller*, 3 Hammond, 261; *King* v. *Gillett*, 7 M. and W. 55; *Comb* v. *Woolf*, 8 Bing. 156; *Howell* v. *Jones*, 1 C. M. and R. 97; *United States* v. *Hilligas*, 3 Wash. C. C. R. 70; *Niblo* v.

*Clarke*, 4 Wend. 24; 6 id. 236. There is no evidence in this record that the sureties ever waived the performance of this part of the agreement, and if they did not, they were discharged from liability for a non-performance by their principal.

Again, the articles of agreement require that Wrenn should deliver the first one thousand bricks on the first day of August, 1858. The appellant avers in his declaration that this number was intended by the parties to have been one hundred thousand, instead of one thousand, and upon the trial introduced evidence to show that fact. The rule is well recognized by all courts of law, that an agreement cannot exist partly in writing, and partly in parol, and the doctrine is equally well settled, that a court of law has no power to correct a mistake and reform the contract, so as to conform to the intention of the parties. Such a power rests alone in a court of equity. If the mistake was made in the execution of this agreement as alleged, the parties must be left to their remedy in chancery, where the contract may be reformed, and the rights of the parties preserved according to their intention, when they entered into the agreement. The sureties have guaranteed the performance of the agreement as it now stands, and unless they intended to, and supposed they had guaranteed the performance of the contract, as it is alleged it should have been executed, they would not be bound by any such change. They agreed and bound themselves that Wrenn should deliver one thousand bricks, on the first of August, 1858, and unless they were parties to the mistake, they could not be held for his failure to deliver one hundred thousand at that time.

No error is perceived for which the judgment should be reversed; the same is therefore affirmed.

*Judgment affirmed.*