CHARLES SKINNER v. J. Y. BRYCE. and others.

The illness of the family of one of the defendants in an action, so that he cannot be present at the trial of the cause, is a circumstance which may properly be addressed to the discretion of the court upon a motion to continue the cause. But where such defendant is represented by counsel, who has knowledge of the fact, and does not ask for a continuance, but enters into a trial by consent upon the plaintiff's agreeing to permit certain letters to be read in evidence, and in pursuance of the agreement the letters are read, the facts do not present a case of " surprise, mistake," &c., contemplated by the statute, and the judgment will not be vacated.

MOTION in the cause heard before EURE, J., at Spring Term, 1875, of PERQUIMANS Superior Court.

The defendants moved to set aside a judgment theretofore rendered against them. The defendants resided in the City of Charlotte, and the plaintiff resided in Perquimans County. When the action commenced, but before the trial of the cause, he had removed to Hertford county, where he now resides.

The case was called for trial at Spring Term, 1875, when the counsel for the defendants stated, that he had information that the family of the defendant, Gregory, who was the managing partner, were sick, and that he did not expect him at that Court, but did not move for a continuance. By agreement of counsel, the case was put at the end of the docket, the plaintiff's counsel consenting to the reading of certain letters, upon the trial, because of the absence of the defendants. The case was tried, and the plaintiff had a verdict and judgment.

After the adjournment of the Court, the defendants' counsel received affidavits showing the illness of the family of the defendant, Gregory, at the time of the trial, which he forwarded to his Honor, at home, and asked him to consider at Chambers, as upon a motion to set aside the judgment and verdict. His Honor refused to do so, but agreed to hear evidence upon both sides at the next term of the Court.

*Fleming* and *Gray & Stamps*, for defendants.
*Gilliam & Pruden*, for the plaintiff.

Reade, J. The sickness of the family of one of the defendants at the time of the trial, so that he could not attend, was a circumstance which might have been addressed to the *discretion* of his Honor upon a motion to continue. But the defendant's counsel was present, knew of the sickness, did not ask for a continuance, but went into the trial by consent, upon the plaintiff's agreeing to permit to be read in evidence certain letters which he had, and which were in fact read.

When judgment has been rendered against a party by reason of his " surprise, mistake, inadvertence, or excusable neglect," the statute allows the court to vacate it at any time within a year. But this motion was not supported by any

of these considerations. It was a trial by consent. And we agree with his Honor that there is no ground for vacating.

Per Curiam.                    Judgment affirmed.