[No. 13783.    Department Two. — December 19, 1890.]

## J. M. MARTIN, APPELLANT, v. JAMES F. MORGAN, RESPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — TIME, WHEN OF ESSENCE OF CONTRACT. — A stipulation in a contract for the conveyance of land, to the effect that the vendor would convey within sixty days from the date thereof upon condition that the final payment of the purchase-money should be made within said time, otherwise the "agreement to be null and void," shows a clear intention to make time the essence of the contract; and a failure by the vendees or their assignees to make the payment due, within the time fixed, avoids the contract.

ID. — INTENTION OF PARTIES — PROVISION AVOIDING CONTRACT. — The intention of the parties to make time the essence of a contract must govern, and no particular form of stipulation is necessary, but any clause will have that effect which clearly and absolutely provides that the contract is to be void, if the fulfillment is not within the prescribed time.

ID. — UNILATERAL CONTRACT — POSSESSION OF VENDEE — SPECIFIC PERFORMANCE — FAILURE TO TENDER PURCHASE-MONEY IN TIME LIMITED. — When time is made of the essence of a unilateral contract to convey land upon payment of the purchase-money within a definite period, the fact that the vendee entered into possession of the land, plowed, surveyed, and platted it into lots, without making any other improvements thereon, will not entitle him to a specific performance of the contract, if he has failed to tender the purchase-money within the time limited.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Church & Cory*, for Appellant.

There was both taking possession of the land and part payment of the price, and the failure on the part of the court to find upon the question of possession is prejudicial error. (Pomeroy on Specific Performance, secs. 375, 381.) The general rule of equity is, that time is not of the essence of the contract. (*Janes* v. *Throckmorton*, 57 Cal. 381.) In order that it be essential, the intent to make it so must be most clearly, unequivocally, and unmistakably shown by the stipulation. (Pomeroy on Specific Performance, sec. 392.) The concluding words of the contract are merely formal, — in the ordinary form of a bond, — and this does not make time of the essence of the contract. (*Jones* v. *Robbins*, 29 Me. 351; 50 Am. Dec. 593.) Whatever be the form of expressing it, the intention of the parties to make time essential must be unequivocally declared. (Pomeroy on Specific Performance, sec. 302, and cases cited in foot-note.) Appellant had taken possession of the land, plowed, mapped, and platted it, put it in a condition for sale, and, at least, respondent had acquiesced in the delay; respondent could not therefore elect to rescind the contract without restoring, or at least offering to restore, to appellant what he had received thereon. (Pomeroy on Specific Performance, sec. 393; Civ. Code, sec. 1691; *Wilson* v. *Sturgis*, 71 Cal. 226; *Bohall* v. *Diller*, 41 Cal. 535; *Henderson* v. *Hicks*, 58 Cal. 364; *Keller* v. *Lewis*, 53 Cal. 113.

*Sayle & Coldwell*, for Respondent.

The time for the performance of a written contract for the conveyance of real property cannot be extended by an unexecuted oral agreement. (Civ. Code, secs. 1698, 1624; *Smith* v. *Taylor*, 82 Cal. 533.) The taking possession by plaintiff's assignors, under the contract, was not a material issue in the case; the contract did not

provide that plaintiff's assignor might take possession; it is silent as to possession. (*Gates* v. *McLean*, 70 Cal. 49.) It is not the taking possession under a written contract that is material; it is the keeping of possession after a failure to pay by the vendee that is in some cases material; but it is not a material ultimate fact, but it is simply evidentiary matter, going to rebut a presumption that the contract has been abandoned. (Pomeroy on Specific Performance, sec. 375.) The condition in the contract was a condition precedent, and not a condition subsequent; and it was the intention that no right under the contract should vest until after full payment. (Pomeroy on Specific Performance, secs. 379, 390, 393, and notes on pages 462, 463, 464, 465.) This is a unilateral contract. If the vendor agrees to convey if payment be made at or before a given date, or if an option is given which is to be accepted by payment within a given time, then the time of payment is certainly essential. (Pomeroy on Specific Performance, sec. 387, and note.)

SHARPSTEIN, J. — This is an action to compel specific performance of a unilateral contract, by which the respondent agreed to convey to appellant's assignors a certain tract of land at any time within sixty days from the date of said contract, upon the following express conditions: The said assignors to pay to respondent $150 of the purchase-money down on the delivery of said contract, and the balance within sixty days from the date thereof, otherwise said agreement to be null and void. One hundred and fifty dollars was paid on the delivery of the contract, but the balance of the purchase price, to wit, $4,850, was not paid or tendered within sixty days from the date of said contract. As an excuse for not paying said balance within said sixty days, the plaintiff in his complaint alleges that before the expiration of said sixty days from the date of said contract, the defendant, for a valuable consideration, extended the time of performance on the part

of his assignors to a reasonable time after the expiration of said sixty days. The court found that the defendant never extended the time for the performance of the conditions expressed in said agreement, or for the payment of any money stipulated to be paid as balance of the purchase price of said land, and rendered judgment in favor of the defendant. From that judgment, and the order overruling his motion for a new trial, this appeal is prosecuted by the plaintiff. We cannot say that the finding, of which we have above given the substance, was not justified by the evidence. We shall therefore consider the case as we would were there no claim made of an extension of the time specified in the written contract for the payment of the deferred payment. As before stated, plaintiff's assignors agreed to pay defendant $150 of said purchase-money down upon the delivery of the agreement, and the balance within sixty days from the date thereof (August 31, 1887), *otherwise the agreement to be null and void.* Neither plaintiff nor his assignors performed, or offered to perform, the conditions expressed in said agreement within sixty days from the date thereof, and said agreement was not assigned to plaintiff within sixty days from the date thereof. The court finds that the plaintiff, after the assignment of said agreement to him, offered to pay and tendered all the balance of the purchase-money required to be paid by said agreement.

No other excuse or reason than the one above stated is alleged in the complaint, by plaintiff or his assignors, for non-performance of the condition expressed in the contract. The plaintiff alleges that upon the delivery of said contract to his assignees they entered into the possession of said land, and expended the sum of $270 in valuable improvements. The court finds: "That said M. J. and P. B. Donahoo (plaintiff's assignees) accepted said agreement and paid said sum of $150, and plowed said land, surveyed, mapped, and platted it into lots, but

did not expend any sum of money whatever in the improvement of said real property." This finding is justified by the evidence introduced by the plaintiff as to what his assignors did upon the land, although one of the witnesses stated that the expense of the plowing was thirty dollars. We are not prepared to hold that what was done upon the land constituted an improvement.

We think the finding last above quoted is a sufficient finding that plaintiff's assignor entered into possession of said land at the time alleged in plaintiff's complant.

The precise time at which plaintiff tendered the deferred payment provided for in the contract does not appear. But the court finds that he took an assignment of the contract after the time of making said payment had expired, and that after he had received such assignment he offered to pay all of the balance of the purchase-money due thereunder.

This brings us to what we deem the principal question in the case. Was time made the essence of this contract? In other words, is the intent to make it so clearly, unequivocally, and unmistakably shown by the stipulation? The defendant's stipulation was, that he would convey at any time within sixty days from the date of said agreement upon certain express conditions, one of which is, that the final payment of the purchase-money should be made within sixty days from the date of said agreement, otherwise the " *agreement to be null and void.*"

The contention of appellant's counsel that the general rule of equity is, that " time is not the essence of the contract," is not supported by any modern authority. The general rule, as expressed by Parsons on Contracts, and by this court in *Grey* v. *Tubbs*, 43 Cal. 359, is, that " time is not necessarily the essence of a contract." But it may be made so. Professor Pomeroy says: "It is now thoroughly established that the intention of the parties must govern; and if the intention clearly and unequivocally appears, from the contract, by means of some ex-

press stipulation, that time shall be essential, the time of completion or of performance or of complying with the terms will be regarded as essential in equity as much as at law. No particular form of stipulation is necessary, but any clause will have the effect which clearly and absolutely provides that the contract is to be void if the fulfillment is not within the prescribed time." (Pomeroy on Specific Performance, 462.) Among the numerous cases cited by the learned author in support of this doctrine is that of *Benedict* v. *Lynch*, 1 Johns. Ch. 370, 7 Am. Dec. 484, decided by Chancellor Kent. In that case the contract was signed by the defendant only, and he agreed to give a deed upon certain express conditions being performed by the plaintiff at the specified times, " but if he should fail in them, or either of them, the agreement to be void." The plaintiff failed to perform within the time specified, but offered to, after the expiration of that time. The opinion of the learned chancellor is the most full and satisfactory explanation of the question involved in this case that has ever fallen under our observation, but we deem it unnecessary to quote more from it than the following: " There was an express stipulation in this contract that if *the plaintiff failed in either of his payments, the agreement was to be void.* The first question which naturally presents itself is, whether the time was not here made part of the essence of the contract, and whether the contract did not become void on the failure of the plaintiff to make the first payment." He held that it was, and decreed accordingly. In that case the intention of the parties to make time the essence of the contract did not more clearly and unequivocally appear than it does in this case. *Grey* v. *Tubbs*, 43 Cal. 359, is in the same line as *Benedict* v. *Lynch*. In *Grey* v. *Tubbs* this court said: " Courts of equity have not the power to make contracts for parties, nor to alter those which the parties have deliberately made; and whenever it appears that the parties have *in fact* contracted that if the pur-

chaser make default in the payments as agreed upon he shall not be entitled to a conveyance, and shall lose the benefit of his purchase; and when it also appears that the purchaser is without excuse for his delay, the courts will not relieve him from the consequences of his default."

Judgment and order affirmed.

THORNTON, J., and McFARLAND, J., concurred.