EUGENE W. COUGHRAN AND ANOTHER, APPELLANTS, *v.* HENRY C. BIGELOW AND ANOTHER, · RESPONDENTS.

VENDOR AND PURCHASER.—CONTRACT OF SALE.—CONDITIONS OF PAYMENT.—Where a contract of sale provided that one-third of the purchase price was to be paid down, one-third October 1, 1890, one-third April 1, 1891, and when those payments were made, the land was to be conveyed by a good title free of incumbrances, time was of the essence of this contract, and the purchaser must show, as a condition precedent to his demanding performance, that the payments have been made, as provided in the contract.

CONTRACT.— CONTEMPORANEOUS BOND.— CONSTRUED TOGETHER.— Where a contract of sale of land provided that payments for the land should be made, one-third cash down, one-third October 1, 1890, and one-third April 1, 1891, and when. those payments were made, the deed should be made, and contemporaneously therewith a bond was executed by the vendor with two sureties for the conveyance of the land, the condition of which bond was that if upon reasonable request of the purchaser, on or before October 1, 1890, the principals should cause to be made and delivered a good and sufficient warranty deed of the said land, the bond was to be void, but the bond also contained a proviso that if the purchaser perform his part of the said contract, then the obligation should be void; *held*, that the bond and contract should be construed together, and that where they conflicted the contract controlled.

BOND FOR DEED.—CONTRADICTORY PROVISIONS.—*Quære*, where a bond for a deed under a contract provided that if the vendor performed his contract, the bond should be void and if the purchaser performed his part of the contract the bond should be void, what did the bond really mean and for whose benefit was it given?

PRINCIPAL AND SURETY.—BOND FOR DEED.—WAIVER OF FORFEITURE.—Where a bond for a deed provided it should be void if the vendor conveyed according to his contract and the contract provided for a forfeiture for non-payment of any install-

ment of purchase price, at the time stipulated therefor, and the vendor waived a forfeiture and permitted a payment after time stipulated; *held*, that the obligation of surety, being strictly construed, the surety was released.

APPEAL from a judgment of the district court of the fourth district and from an order refusing a new trial, Hon. James A. Miner, judge. The opinion states the facts, except that the plaintiffs offered evidence that defendant Henderson was a principal, in that he was interested in the land, which evidence was excluded. The contract was a receipt attached on the back of the bond.

*Messrs. Bennett, Marshall and Bradley,* and *Messrs. Dey and Street,* for the appellants.

The agreement in the bond should prevail because (1) it was prepared by the defendants; (2) it is definite and certain and a solemn instrument under seal; (3) the sureties are not parties to the contract; (4) the bond refers to the contract (which is only a hastily drawn receipt appended to it) in a proviso, which is clearly repugnant to the whole bond and hence must be rejected; and (5) the reference to the contract is only to a particular part of it and not the whole, which particular part is all that is included in the bond.

The construction we contend for is the one put upon the bond by the parties themselves, who all acted as if they understood the bond to govern. The receipt on the back is only an after-thought.

The fact that no tender of the second payment, due October 1, 1890, was made until October 12, 1890, is no defense because it was apparent then, that the vendors had no title, and a tender would have been wholly nugatory. The fact that an extension was granted purchasers was proven on cross-examination of one Henderson, a witness,

which was clearly erroneous and plaintiffs were at first even denied the right to contradict the testimony. At any rate an issue was raised for the jury by the admission of this testimony afterwards. Finally defendant Bigelow was the very man who received the payment and waived the forfeiture, and defendant Henderson the plaintiffs were refused permission to show was a party interested in the land, and therefore a principal.

*Messrs. Brown and Henderson,* for the respondents.

BARTCH, J.:

This action was brought to recover the penalty in a bond which was given as a guaranty for the faithful performance of a contract to convey real estate. The respondents were sureties on the bond. When the evidence of the plaintiffs was introduced the defendants moved for a nonsuit, which motion was sustained over the objection of plaintiffs, who thereafter moved for a new trial, and, this motion being overruled, they prosecuted their appeal in this court.

The contract in question, among other things, specified that the purchase price for the land was $10,000, of which $3,333 was paid down, $3,334 was to be paid October 1, 1890, and $3,333 on April 1, 1891, and then further provides as follows: "And, in case any payments are not made as above provided, the amount paid herein is forfeited, and this receipt is from that time void and inoperative; and when the payments are made as above provided the land to be conveyed to said Eugene W. Coughran and Nathan H. Cottrell, or their assigns, with good title free from incumbrances." This is a unilateral contract, and according to its terms it was incumbent upon the vendees to pay the whole amount of the purchase price before they could demand performance on the part of the vendors; the vendees, however, having the right to

demand and receive the deed from the vendors simultaneously with the making of the last payment, which was to be made on the 1st day of April, 1891. The contract. contains a forfeiture clause, and to prevent a forfeiture on the part of the vendees it was necessary for them to make the several payments as therein provided. Time, therefore, was material and of the essence of the contract, and, if the payments were not made on the days specified, a right of forfeiture immediately accrued to the vendors, which they could enforce or not, at their pleasure; but if they afterwards received the payment the right of forfeiture, as to them, was gone. Where it appears from the contract that the parties have in fact agreed that if the vendee shall fail to make the payments as and at the times therein specified, he shall lose the benefit of his purchase, the courts will grant him no relief. *Martin* v. *Morgan,* 87 Cal. 203, 25 Pac. Rep. 350. The contract in this case, standing alone, presents no difficulty of construction. Its provisions are simple, and the intentions of the parties appeared clear and unequivocal, an apparent difficulty arising only when, in connection therewith, it is attempted to reconcile the provision of the bond which was given as a guaranty for the faithful performance of the contract on the part of the vendors. The condition of the bond provides as follows:

"The condition of the above obligation is such that the above-bounden E. A. Reed and H. H. Henderson, on or before the first day of October next, or in case of their death before that time, if the heirs of the said E. A. Reed and H. H. Henderson, within three months after their decease, shall and do, upon the reasonable request of the said Eugene W. Coughran and Nathan H. Cottrell, their heirs or assigns, make, execute, and deliver, or cause so to be made, a good and sufficient warranty deed in fee simple, free from all incumbrances, and with the usual covenants.

of warranty." And, after giving a description of the property, it further specifies: "Provided, the said Eugene W. Coughran and Nathan H. Cottrell comply with their part of the contract this day made and delivered to them by the said E. A. Reed and H. H. Henderson, and a copy of which is hereto attached, then the above obligation to be void; else to remain in full force and virtue."

This obligation refers to the performance of the contract already made and entered into by the parties, and may be rendered null and void either by the vendees failing to make the payments as provided, or, if the payments are so made, by the vendors conveying the property as provided. Under the contract the vendors were not required to make conveyance until the last payment was made on April 1, 1891. Here the payments were made a condition precedent. Under the condition in the bond conveyance was to be made on or before the 1st day of October, 1890. Here the payments were made a condition subsequent, and yet the condition of the bond requires the vendees to perform their part of the contract. These provisions are repugnant to each other, and this has raised the question as to whether the parties to the transaction are controlled by the conditions of the bond, or by the contract, or whether the two instruments form but one contract. Both instruments were executed and delivered on the same day; the contract first, and then the bond, which refers to the contract. Both refer to the same transaction, to the same subject-matter. They are therefore presumed to evidence but a single contract, and should be construed together, and the intent of the parties must govern. 2 Pars. Cont. 503; 1 Warv. Vend. § 17.

The bond was given to secure the performance of the contract, refers to it, and this makes the contract a part of it,—a part of the preamble of the condition of the bond,—and it must therefore be construed the same as

though the contract was copied into its preamble. *Locke* v. *McVean*, 33 Mich. 473. If, then, the contract became a part of the preamble, it must serve to explain the condition of the bond. The contract had been made as a result of the transaction between the parties, and it is but fair to presume that the time of the payments and of the delivery of the deed was therein specified in accordance with the intention of the parties. This view is strengthened by the fact, apparent upon the face of both the contract and the bond, that there is no provision whatever for security for future payments of purchase money, and from this fact it is quite reasonable to infer that no such payments were contemplated by the parties, and that they intended them to be made before the delivery of the deed. This view also renders consistent the reference in the bond to the contract, for why should they refer to the contract in reference to the payments if in fact it did not express the intention of the parties in that particular? Obviously the contract was intended and regarded as the real agreement between the parties, and the repugnant clause was inserted into the bond by mistake or inadvertence. But, if there should be some doubt as to this view, still, as the contract was referred to, and thereby became a part of the recital in the preamble of the bond, it will control. In a bond the recital is conclusive that the parties admitted the facts therein recited, and they must be presumed to have knowledge of the contents of instruments to which reference is made. If there be fault, it is that of the party who accepts an instrument containing a reference to another which does not correctly represent the intentions of the parties to the transaction. *Bell* v. *Bruen*, 1 How. 169; 2 Amer. & Eng. Enc. Law, 464; *Coles* v. *Hulme*, 8 Barn. & C. 568; *Sawyer* v. *Hammatt*, 15 Me. 40. It follows that the guarantors were liable only for the faithful performance of the stipulations contained in the contract to be per-

formed by the vendors upon the performance by the vendees of their undertakings. It being a unilateral contract, containing a forfeiture clause, and time being material, their liability was complete whenever the vendees had strictly performed their part of the contract, and the vendors had made default. No consideration moved as to them, and they are not bound beyond the exact terms of their guaranty. They would be liable solely because of their promise, and would be under no moral obligation to pay the penalty of their bond, outside of the precise terms of the contract. It is a well-settled rule of law that in cases of the kind under consideration the undertaking of the guarantor must be strictly construed, and beyond the exact words of his agreement he is neither liable by implication nor by construction. His liability is *strictissimi juris.*

In *Miller* v. *Stewart,* 9 Wheat. 680, Mr. Justice Story, delivering the opinion of the court, said: "Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not to be extended, by implication, beyond the terms of the contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal." 1 Brandt, Sur. § 93; 2 Pars. Cont. 16; *Insurance Co.* v. *Johnson,* 120 Ill. 622, 12 N. E. Rep. 205; *Dobbin* v. *Bradley,* 17 Wend. 422; *Birckhead* v. *Brown,* 5 Hill, 634; *Bank* v. *Kaufman,* 93 N. Y. 273. In conformity with the doctrine thus expressed, the contract between the vendors and vendees in this case fixed the liability of the guarantors, and the failure of the vendees to make their payment on the first day of October,

1890, as stipulated in the contract, operated as a discharge of the guarantors from their liability; and their obligation, in the absence of a waiver, was at end. The acceptance of the money by the vendors afterwards, though it would be a waiver as to them, could produce no such effect on the part of the guarantors. Nor is the number of days intervening material in such case. Time was of the essence of the contract, and the failure to pay on the day stipulated was fatal. Pars. Cont. § 361; *Walrath* v. *Thompson,* 6 Hill, 540; *Cunningham* v. *Wrenn,* 23 Ill. 64. It is not deemed important to the decision of this case to consider the other points raised in the record. We think the motion for the nonsuit was properly sustained. The judgment is affirmed.

