[Civ. No. 1494. First Appellate District.—April 21, 1915.]

F. DEPAVO et al., Respondents, v. N. RIZZO, et al., Defendants; N. RIZZO, Appellant.

ACTION FOR MONEY HAD AND RECEIVED—DEPOSIT ON CONTRACT FOR PURCHASER OF LAND—SUFFICIENCY OF EVIDENCE.—In this action to recover a sum of money paid as a deposit on a contract for the purchase of a parcel of real estate brought against the vendor and the real estate broker to whom the deposit was paid, it is held that the finding that the broker was not the agent of the owner of the property is supported by the evidence, but that the finding that such broker and the owner were jointly liable to the plaintiff for the repayment of the deposit is not sustained by the evidence, which shows that the owner only received a part of the deposit.

ID.—CONTRACT FOR SALE OF LAND—TIME TO PERFECT TITLE.—Where a contract for the sale of land provides that the vendor shall have thirty days to remedy defects in title after notice of same and that the deposit is to be returned in the event that the defects are not remedied within such time, he is not entitled to a reasonable time thereafter within which to perfect the title.

ID.—TIME OF ESSENCE OF CONTRACT—EXPRESS STATEMENT UNNECESSARY.—It is not necessary in order that time shall be of the essence of a contract that it shall be so declared in those words, as any provision in the contract from which that intention clearly appears is sufficient.

APPEAL from a judgment of the Superior Court of the County of Alameda. Wm. H. Donahue, Judge.

The facts are stated in the opinion of the court.

Stetson & Koford, for Appellant.

Aldrich & Gentry, for Respondents.

KERRIGAN, J.—This action, in form one for money had and received, was brought to recover the sum of five hundred dollars paid as a deposit on a contract for the purchase of a parcel of real estate. Judgment went in favor of the plaintiffs and against defendants N. Rizzo and Elizabeth Piepenberg jointly for the amount sued for. This is an appeal from the judgment by N. Rizzo.

In support of his appeal the appellant contends that the evidence shows that he was the agent of the owner of the real

property involved; that he performed his contract with such owner; that the owner was not in default in the performance of the contract, and that even if she were, the plaintiffs cannot recover from appellant, the agent, money paid as a deposit for account of the principal, but must look to the principal for it.

The facts of the case are substantially these: The plaintiffs, desiring to rent a store for the purpose of carrying on their business as bakers, applied to the defendant Rizzo, a real estate broker, requesting that he endeavor to find for them a suitable place, which Rizzo undertook to do. None being found, Rizzo suggested to them that perhaps he could find a lot which they could buy and erect thereon a building for themselves. The plaintiffs assented to this course, and soon thereafter Rizzo notified them that he had found a suitable location. Plaintiffs examined it, and expressed their willingness to pay for it the sum of ten thousand one hundred dollars. The owner of this property was the defendant, Elizabeth Piepenberg, who appears in the transaction from beginning to end, by her agent or attorney in fact, the defendant L. R. Weil. On April 17, 1913, the plaintiffs met Rizzo and Weil in the former's office, and entered into a written contract for the purchase of the property in question at the price of ten thousand one hundred dollars, of which five hundred was to be paid down, and the balance upon certain terms specified therein. Ten days were provided in the contract for the purchasers to examine title and state their objections thereto, the vendor to have thirty days thereafter to remedy any defects.

On the same day, but just prior to the execution of the aforesaid contract, another agreement in writing had been entered into between Rizzo and Elizabeth Piepenberg, through her said agent L. R. Weil, by which said Piepenberg agreed to sell and convey to the plaintiffs the same property but for the sum of nine thousand six hundred and sixty dollars, of which one hundred dollars was to be in cash, the remaining terms being for all practical purposes similar to the terms of the contract just described. There is nothing, however, to show that the plaintiffs had any knowledge of the existence of this second mentioned agreement. For the purpose of making the cash payment required on their contract the plaintiffs handed to Rizzo at the time of its execution the sum of

five hundred dollars, Rizzo thereupon paid to Weil one hundred dollars, retaining the balance.

Plaintiffs in due time stated certain objections to the title to the property, which the owner, through her agent Weil, proceeded to remedy; but this not being accomplished within the time prescribed by the contract, and the plaintiffs having refused to extend such time, they demanded of Weil and of Rizzo the return of the five hundred dollars paid by them. It not being returned this action was commenced for its recovery as above stated.

In the court below it was the claim of Rizzo that he was the agent of the owner of the property; and one of the arguments that he advances here upon his appeal is that, being the agent of a disclosed principal, no action will lie against him for the return of the money, even though it be in his possession. This principle finds support in the case of *Bogart* v. *Crosby,* 80 Cal. 195, [22 Pac. 84]. (See, also, *Simmonds* v. *Long,* 80 Kan. 155, [23 L. R. A. (N. S.) 553, 101 Pac. 1070].) The court, however, found that Rizzo was not the agent of the owner of the property; and also found that said owner and Rizzo should repay to the plaintiffs the five hundred dollars paid as aforesaid.

As to the first of these findings, we think that it is abundantly supported by the evidence. There is no showing of any employment of Rizzo by the owner or by her agent. On the other hand, the facts as above narrated, and the form in which Rizzo endeavored to put the sale through, indicate that he was either the agent of the plaintiffs, or that he was acting on his own account. The plaintiffs' testimony showed that they considered that Rizzo was acting for them, and this was evidently the view they took when they handed to him the five hundred dollars to be paid as a deposit on their contract. The appellant himself, apparently, was not clear in what capacity he was acting, for in his testimony we find this (speaking of a conversation with one of the plaintiffs when there appeared to be danger that the transaction would fall through) : "I told him it didn't make any difference to me; somebody had to pay me that commission. I didn't care who paid it, because I done my duty, and I expected to get a commission from someone."

We think, however, that the court's finding of a joint liability on the part of the appellant and his codefendant Eliza-

beth Piepenberg is not sustained by the evidence. Rizzo received from the plaintiffs five hundred dollars which they intended should be paid to the owner as a deposit on their contract. But he at this time had in his possession a binding contract for the conveyance of the same land to the plaintiffs, which called for a deposit of only one hundred dollars, and this sum is all that he paid to the owner. There is no evidence, unless it be a very doubtful inference, that the plaintiffs knew of this contract. Having established their right to recover the five hundred dollars, we think it is clear that the liability to the plaintiffs on the part of the appellant and Elizabeth Piepenberg was not joint but several; and consisted of an obligation to repay the amount which they respectively received, viz., four hundred dollars and one hundred dollars, if the appellant was acting as the agent of the plaintiffs; or of an obligation on the part of Rizzo to repay the whole amount if he was acting as a principal. The case of *Robinson* v. *Easton, Eldridge & Co.*, 93 Cal. 80, [27 Am. St. Rep 167, 28 Pac. 796], presents some features similar to the case at bar. Easton, Eldridge & Co. were the authorized agents of Robinson for the sale of a parcel of land, but under a contract by which their compensation was to be the excess received for the land over the sum of ten thousand dollars. The agents entered into a contract with a prospective purchaser at a price of ten thousand five hundred dollars. A deposit on the contract having been made with the agents, it was subsequently returned by them to the purchaser in pursuance of one of the conditions of the contract of sale. Thereafter Robinson sued the agents for this sum, claiming that it belonged to him immediately it was received by them; but it was held that the fact that the agents had an interest on their own account in the price to be received for the land clothed them with certain of the rights of a principal as distinguished from the obligations of an agent. It may well be that in the present case the difference between the amounts of the first payment called for by the two contracts of sale, viz., the sum of four hundred dollars, remained in the hands of Rizzo as a principal.

It is also insisted by the appellant that the plaintiffs were not entitled to recover the amount of their deposit without a tender of performance upon their part; that time was not of the essence of this contract, and that therefore the vendor

was entitled to a reasonable time after the expiration of the thirty days allowed in the contract, in which to perfect her title.

It is not necessary, in order that time shall be of the essence of a contract, that it shall be so declared in those words. Any provision in the contract from which that intention clearly appears is sufficient (*Martin* v. *Morgan*, 87 Cal. 203, [22 Am. St. Rep. 240, 25 Pac. 350]). In the present case the return of the deposit is specifically provided for by the contract in the event that good title could not be given within the time allowed. It was admitted by the defendant Weil, the vendor's agent, as a witness at the trial, that his principal could not comply with this requirement of the contract. The plaintiffs therefore were entitled to the return of their money under the affirmative provisions of the agreement.

The finding of the court that the appellant and his codefendant Piepenberg received five hundred dollars to the use of the plaintiffs not being in our opinion supported by the evidence, the judgment against this appellant must be reversed, and it is so ordered.

Lennon, P. J. and Richards, J., concurred.