[Civ. No. 5495. First Appellate District, Division One.—July 20, 1927.]

G. W. LINDSEY et al., Respondents, v. A. M. WRIGHT et al., Appellants.

Earl L. Wisdom and Dorsey Whitelaw for Appellants.

J. S. Larew for Respondents.

CASHIN, J.—An appeal from a judgment foreclosing the right of appellants to purchase under a contract for the sale of real property.

The parties on December 1, 1922, entered into a contract in writing by which respondents agreed to convey to appellants certain land in Imperial County, the consideration being the promise by the latter to pay therefor the sum of $80,000.

The contract with respect to payment provided as follows: "the parties of the second part, in consideration of the premises, agree to pay to the parties of the first part the sum of eighty thousand and 00/100 dollars in lawful money, together with interest on all deferred payments at seven per cent. per annum, payable annually. Payable as follows, to wit: Fourteen thousand ($14,000.00) dollars, equity in Lemon Grove Lemon Orchard and nineteen thousand ($19,000.00) dollars by the assumption of a certain mortgage for like amount, made by the first parties, with interest at seven per cent. per annum, payable quarterly, and forty seven thousand ($47,000.00) dollars payable on or before ten (10) years after date with interest at seven per cent. per annum, payable annually."

Time was made of the essence of the contract, and it was further provided that in the event the vendees should fail to make the deferred payments or any of them at the times and in the manner provided, the contract should become null and

void and the vendors released from any and all obligation to convey, it being further agreed that it would be impossible to fix and determine the actual damage which would arise in the event of a failure by the vendees to make the deferred payments and that all moneys paid on the purchase price should be retained by the vendors as liquidated damages caused by the failure to comply with the terms of the contract.

It was also provided that the agreement with a deed to the property and a certificate of title should be placed in escrow with a bank at El Centro, California, to be delivered to the vendees upon receipt of full payment, but to be returned to the vendors ''in case of failure of said second parties to comply with any or all of the terms of said agreement promptly as therein specified,'' and, further, ''that in case of the death, physical or mental debility of the second parties the settlement of his or their equity shall be by arbitration.''

The complaint alleged that by the terms of the mortgage assumed by appellants and of the note thereby secured it was provided that in the event of any installment of interest thereon becoming delinquent, the whole of the principal sum should, at the option of the holder, become immediately due and payable; that the contract provided that appellants should assume and pay as a part of the purchase price the note with the interest according to its terms; that appellants had failed to pay a quarterly installment of the interest due thereon and that respondents had elected to terminate the contract.

A general demurrer to the complaint was overruled, and appellants by their answer admitted the foregoing allegations of the complaint, but alleged as a defense, and by their cross-complaint for a rescission of the contract and the recovery of the property conveyed to respondents, that the failure to perform was caused by the physical disability of appellant A. M. Wright, which disability continued to exist.

It was further alleged in effect that the only means by which appellants could meet the payments was from the income produced from the land, and that due to the physical condition of appellant Wright they were unable to remain thereon or to make the payments provided by the con-

tract; that they had offered and were ready to surrender possession to respondents upon an equitable adjustment of their rights being made as provided by the contract.

The foregoing allegations were denied by respondents, who subsequently, by leave of the court, filed a supplemental complaint, alleging that since the commencement of the action three additional installments of interest on the mortgage, together with the annual interest on the balance of the purchase price, had become due, all of which appellants had failed to pay.

On the day fixed for the trial appellants moved for a continuance on the ground of the illness of a member of their family, and in support of the motion filed a written certificate, which was as follows:

"La Mesa Calif 2/25/24

"To Whom It May Concern:

"This is to certify that I have this day visited professionally Baron Wright, son of A. M. Wright of La Mesa Calif—and find said Baron Wright suffering from acute throat and tonsilar inflammation which may be diphtheritic. The earliest possible report from a throat swab will be Wednesday morning Feb. 27, 1924. Until a negative report shall be had it will be dangerous for the family of A. M. Wright to be at large.

"L. W. ZOCHERT, M. D."

The motion was denied, whereupon the trial proceeded in the absence of appellants, and findings of fact having been waived by their counsel, a judgment was entered for respondents.

A motion for a new trial was denied, and an appeal taken from the judgment.

Appellants contend that the denial of their motion for a continuance was an abuse of discretion and that the original complaint failed to state facts sufficient to constitute a cause of action.

█ An application for a continuance is addressed to the sound discretion of the trial court, and while in a proper case a continuance should be granted because of the illness of a party (*Morehouse* v. *Morehouse*, 136 Cal. 332 [68 Pac. 976]), or of a member of his family (*Langdon-Creasy Co.* v. *Rouse*, 139 Ky. 647 [Ann. Cas. 1912B, 292, 72 S. W. 1113]; *Skinner* v. *Bryce*, 75 N. C. 287; *In re Townsend*, 122 Iowa,

246 [97 N. W. 1108]), this does not *ipso facto* require the granting of the motion as it is for the trial court in all cases, except where otherwise expressly provided by statute, to determine whether or not the circumstances shown are such as to make it proper that a continuance be granted and its conclusion thereon will not be disturbed unless there has been a plain abuse of discretion. (*Lynch* v. *Superior Court,* 150 Cal. 123 [88 Pac. 708].)

In the instant case the application was not supported by an affidavit showing that the testimony of appellants would be relevant or material to the issues, and while it might be inferred from the pleadings that appellant A. M. Wright would have been a material witness, the materiality of the testimony of his wife does not appear. Moreover, the nature of the illness of their son was undetermined, and although the certificate states that it might prove to be diphtheria, none of the parties was under quarantine, and the presence of either appellant at the home on the day of the trial was not shown to have been reasonably necessary.

The mortgage provided for quarterly payments of interest, and it is contended by appellants that, in view of the provisions of the contract that interest on all deferred payments should be paid annually and that the failure to make the deferred payments or any of them should relieve respondents from further obligation thereunder, the clause making time essential should be held to refer only to such payments of interest as were to be made directly to respondents and not to the promise to pay the interest on the sum secured by the mortgage.

As provided by section 1442 of the Civil Code, a condition involving a forfeiture must be strictly construed against the party for whose benefit it is created, and it is the rule that time is not of the essence of a contract for the sale of real property unless it clearly appears from the terms of the agreement that the parties so intended.

Such intention, however, need not be expressly declared (*Martin* v. *Morgan,* 87 Cal. 203 [22 Am. St. Rep. 240, 25 Pac. 350]; *Depavo* v. *Rizzo,* 27 Cal. App. 200 [149 Pac. 793]), but may be inferred from the provisions of the contract (*Bennett* v. *Hyde,* 92 Cal. 131 [28 Pac. 104]), or implied where the benefit to accrue from the considera-

tion to be paid materially depends upon strict performance in point of time (*Kirby* v. *Harrison*, 2 Ohio St. 326 [59 Am. Dec. 677]), or the relations and situation of the parties render such performance necessary for the protection of the vendor (*Wachung Realty etc. Co.* v. *Llewellyn Holding Co.*, 96 N. J. Eq. 498 [126 Atl. 326]; *Garrett* v. *Cohen*, 63 Misc. Rep. 450 [117 N. Y. Supp. 129]; *Ruckman* v. *King*, 19 N. J. Eq. 360).

It being a part of the consideration that appellants should meet the interest payments on the mortgage which in the event of the default the mortgagee had the right to foreclose, and it also being necessary for the protection of the vendors that the promise be promptly performed, the reasonable construction of the provisions of the contract supports the conclusion that it was the intention of the parties that the clause making time essential should apply to this provision equally with that requiring the payment of interest on the final installment of the purchase price.

The further contention is made that the court erred in failing to determine the rights of appellants under the provision of the contract that the physical disability of either should excuse performance, but, as stated, the facts alleged as grounds for relief under this provision were denied and no evidence in support of the allegations was adduced.

We are of the opinion that the complaint stated a cause of action and that the denial of the motion for a continuance was not an abuse of discretion.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.