[No. 13619.   Department One. — January 23, 1892.]

## C. H. ROBINSON ET AL., APPELLANTS, v. EASTON, ELDRIDGE & CO., RESPONDENT.

VENDOR AND PURCHASER — SALE BY REAL ESTATE AGENTS — OPTION TO SELL FOR COMMISSION ABOVE A FIXED PRICE. — A contract by the owners of land authorizing real estate agents within a certain time to sell the land for a specified sum, and agreeing to pay them a commission of whatever sum they might realize therefor above that amount, though conferring an authority not coupled with an interest, which may be revoked, yet confers an option which, if exercised, creates between them the relation of vendor and purchaser under a contract of sale, rather than the relation of principal and agent, and a sale by the real estate agents thereunder is in the capacity of vendors upon their own account, and not for the account of the owners of the land.

ID. — REPAYMENT OF DEPOSIT TO INTENDING PURCHASER — ACTION BY OWNERS OF LAND. — Where the real estate agents under such contract bargained with an intending purchaser for the sale of the land upon condition that the title to the property would be insured by a title insurance company, and received a sum of money as a deposit, agreeing to return it in case the insurance company would not insure the title, such money is not received in their capacity as agents, but as vendees under the contract with the owners; and if, upon a refusal by the insurance company to so insure, the real estate agents repaid the deposit to the intending purchaser, the owners of the land are not entitled to recover the money so paid from the real estate agents.

ID. — AUTHORITY OF AGENTS — AGREEMENT TO REFUND MONEY — LIABILITY TO PRINCIPAL. — Agents authorized to make a contract of sale of land have a right to refund money to an intending purchaser co-extensive with the obligation created by the agreement under which it had been paid, whether the terms of the agreement with the intending purchaser were pursuant to the authority given or not, and such refunded money cannot be recovered by the principal from the agent.

ID. — ACTION FOR DEPOSIT REPAID BY AGENTS — EVIDENCE — SUBSEQUENT INSURANCE OF TITLE TO OWNERS. — The fact that subsequent to the repayment by the real estate agents of the money deposited to such intending purchaser the insurance company did insure to the owners the title to the land cannot defeat the effect of its prior refusal to insure it to the agents; and evidence as to such subsequent insurance was properly excluded by the trial court, in an action by the owners to recover the amount of deposit refunded by the real estate agents under an agreement to refund the same in case of such refusal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. T. Rogers*, for Appellants.

*A. C. Ellis*, for Respondent.

HARRISON, J. — The plaintiffs executed to the defendant the following instrument: —

"We hereby authorize Easton & Eldridge, for us, and within five days from date hereof, and until this authority is canceled in writing by us, to sell for the sum of $10,000 — net dollars — the following described property situated in the city and county of San Francisco, state of California, to wit: 'All of block 935, outside lands; and we will pay said Easton & Eldridge a commission of all over said sum of $10,000, net, for which they may sell said property with our consent.'

"Witness our hand and seal this twenty-fourth day of August, A. D. 1887.                    " C. B. HOBSON.
                                       " C. H. ROBINSON."

Thereafter, on the same day, the defendant bargained with one Z. S. Eldridge for the sale of the land at the price of $10,500, upon the condition that the title to the property would be insured by the Title Insurance Company, and received from him $1,050 as a deposit, agreeing to return the same in case the insurance company would not insure the title, giving to him the following receipt:—

                    "SAN FRANCISCO, August 24, 1887.

" Received of Z. S. Eldridge the sum of one hundred dollars, being deposit on purchase of block 935, outside lands.   Price agreed upon, ten thousand five hundred dollars ($10,500) in gold coin.   Thirty days allowed for search of title, and if title is found imperfect and cannot be made good, said deposit will be returned.

                    "EASTON, ELDRIDGE & CO., Agents."

A similar receipt for $950 was given the next day.

The Title Insurance Company refused to insure the title, and thereupon, before the expiration of the thirty days, viz., September 6th, the defendant repaid the deposit to Eldridge.   The plaintiffs commenced this action

to recover from the defendant the money paid it by Eldridge, upon the theory that the money so paid was received by the defendant in its capacity as agent of the plaintiffs, and was their money in its hands the moment it was received from Eldridge. The court rendered judgment in favor of the defendant, from which, and an order denying a new trial, an appeal has been taken.

The relation of the defendant to the plaintiffs was not that of a mere agent. While its authority to sell the land was derived from the plaintiffs, yet the sale was to be made for its own account and benefit, as well as for that of the plaintiffs. Although the authority to sell was not so coupled with an interest as to create in the defendant an interest in the land, or to prevent the plaintiffs from revoking the authority, yet by the terms of the authorization the defendant acquired such a right to a portion of the proceeds of sale as to enable it to make a contract of sale upon terms of its own choosing. The plaintiffs, in effect, gave to the defendant an option for five days to endeavor to sell the block of land for whatever sum it could obtain, and upon whatever terms it might make, provided they should receive therefor the sum of ten thousand dollars, and agreed that defendant should have whatever sum it could realize therefor above that amount. The relation thus created between them was rather that of a vendor and purchaser under a contract of sale than one of principal and agent, and a sale by the defendant thereunder was in the capacity of a vendor upon its own account, and not for the account of the plaintiffs. Inasmuch as the defendant was entitled to all the proceeds of the sale in excess of ten thousand dollars, it had the right to make the sale upon such terms as in its judgment would enable it to realize the highest price for the land. Upon a sale by it the plaintiffs were entitled to the immediate payment of the ten thousand dollars, but the defendant could sell the land either for cash or upon time, as it might choose, and its terms of sale did not require ratification by the plaintiffs.

Even if it be conceded that the defendant was but the

agent of the plaintiffs, their right to recover from it the money paid by Eldridge was no higher than the right of the defendant to retain the money from Eldridge; and its right to refund the money to him was co-extensive with the obligation created by the agreement under which it had been paid. If the agreement with him was contrary to the terms of the authority conferred by the plaintiffs it could not be enforced against them, and they could enforce it against Eldridge only in case they ratified the act of the defendant; but a ratification of that act subjected them to all the terms of the agreement. The agreement between the defendant and Eldridge was conditioned upon the approval of the title by the Title Insurance Company, and by the terms of that agreement the money received from him was to be refunded in case the Title Insurance Company did not approve the title. Upon the disapproval of the title by that company Eldridge had the right to demand, and the defendant had the right to refund, the money that had been received by it as a deposit upon the sale.

*Ex parte White, In re Nevill,* L. R. 6 Ch. 397, is illustrative of the principles applicable to the present case. Goods had been consigned by Towle & Co. to Nevill for sale, and if sold, to be accounted for at a fixed price. Nevill sold the goods upon such terms and at such prices as he chose, and it was held that the moneys received by him upon such sales, and standing to his credit upon the books of his banker, were his own moneys, and did not belong to Towle & Co.; that the contracts of sale made by Nevill were made by him on his own account, and not as agent for Towle & Co., the court saying: "The business which Nevill carried on with the goods of Towle & Co. has been called a cotton agency business, and the word 'agency,' in its *prima facie* sense, seems to imply the relation of principal and agent, and not of vendor and purchaser. But it has been admitted in the course of the argument, that there is no magic in the word 'agency.' It is often used in commercial matters where the real relationship is that of vendor and purchaser,

and the question is, whether the dealings between Mr. Nevill and Messrs. Towle & Co. with reference to these goods resulted in the relationship of vendor and purchaser, or in the relationship of principal and agent." "If the consignee is at liberty, according to the contract between him and his consignor, to sell at any price he likes, and receive payment at any time he likes, but is to be bound, if he sells the goods, to pay the consignor for them at a fixed price and a fixed time, in my opinion, whatever the parties may think, their relation is not that of principal and agent. The contract of sale which the alleged agent makes with his purchasers is not a contract made on account of his principal, for he is to pay a price which may be different, and at a time which may be different, from those fixed by the contract." (p. 403.) We think that the rule there laid down should control in the present case.

The objection of the plaintiffs to the letter from Grimwood was properly overruled. It had already been received in evidence, without objection, during the testimony of the plaintiff Hobson. Neither did the court err in refusing to admit the evidence offered by the plaintiffs, that subsequent to the repayment to Eldridge of the deposit, the Title Insurance Company did insure to the plaintiffs the title to the land. It was not controverted that the agreement on the 24th of August between Eldridge and the defendant was made upon the condition that that company would insure the title, or that the company did thereafter refuse to insure it. Its subsequent agreement to insure the title to the plaintiffs would not defeat the effect of its prior refusal to insure it to Eldridge.

The judgment and order denying a new trial are affirmed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.