. PIKE *v*. HALPIN.

1. CONSTITUTIONAL LAW — EXECUTION SALE — SHERIFF'S DEED — STATUTE OF LIMITATIONS.

Act No. 63, Pub. Acts 1901, providing that if the time of redemption from a sheriff's sale had elapsed before the taking effect of the act, a deed might be given within five years from the time the act shall take effect, and that when such deed is not taken and recorded within the time limited, the certificate of purchase shall become null and void, is not unconstitutional as depriving an execution purchaser of his property without due process of law, as his rights previous to deed are inchoate and confer no beneficial use of the premises; defendant's deed, not having been executed by the sheriff until after the expiration of the five years limited by the statute, is null and void.

2. SAME—RECORDING DEED.

As to the effect of failure of the execution purchaser to record the deed within five years which had been taken out within that period,—*quære*.

Appeal from Lapeer; Smith, J. Submitted June 28, 1915. (Docket No. 38.) Decided September 29, 1915.

Bill by Alice L. Pike against Theodore D. Halpin, administrator of the estate of Oliver H. Wattles, deceased, and another, to have a sheriff's deed to defendant decreed to be null and void. From a decree for defendants, complainant appeals. Reversed and decree entered in this court.

*Herbert W. Smith,* for complainant.

*Geer, Williams & Halpin,* for defendants.

BROOKE, C. J. The complainant in this case is the widow of Harmon D. Pike, who died May 27, 1897. On the 23d day of March, 1889, Harmon D. Pike, then being seised of the premises in question, executed a deed of the same to his two children, Lucy Pike and

Charles L. Pike, reserving therein a life estate to the complainant. On May 29, 1896, Charles L. Pike executed a deed of his interest in said premises to his mother, the complainant. This deed was recorded on August 24, 1896. On May 19, 1896, the sheriff of Lapeer county caused a levy to be made upon the interest of Charles L. Pike in the premises on an execution issued out of the circuit court for the county of Lapeer, in an action wherein Oliver H. Wattles was plaintiff and Charles L. Pike was defendant. The levy was recorded in the office of the register of deeds on the 19th day of May, 1896. On April 20, 1900, said premises were sold on an execution sale to Oliver H. Wattles, and a certificate of sale duly filed and recorded in the office of the register of deeds of Lapeer county on April 23, 1900. Oliver H. Wattles died intestate March 23, 1911. Defendant Theodore D. Halpin was duly appointed administrator of said estate May 3, 1911. On June 24, 1911, John W. Scully, then sheriff of Lapeer county, executed a sheriff's deed of the premises mentioned in the bill of complaint to defendant Halpin, administrator of the estate of Oliver H. Wattles, deceased. Said deed was executed by virtue of the certificate of sale given to Oliver H. Wattles on the execution sale held on the 20th day of April, 1900. The bill of complaint sets forth the foregoing facts, and prays that the certificate of sale be vacated, set aside, and decreed to be null and void, and that the deed to defendant Halpin, as administrator, recorded on the 24th day of June, 1911, be likewise vacated, set aside, and decreed to be null and void as against complainant. Complainant bases her right to relief on Act No. 63 of the Public Acts of 1901, section 1 of which provides:

"When the premises mentioned in any sheriff's certificate of sale of real estate under execution shall not be redeemed in pursuance of law, the legal holder of

such certificate shall be entitled to a deed therefor at any time within ten years from the expiration of the time of redemption. If the time of redemption shall have elapsed before the taking effect of this act, a deed may be given within five years from the time this act shall take effect. When such deed is not taken and recorded within the time limited by this act, the certificate of purchase shall become and be null and void."

From a decree dismissing the bill, complainant appeals.

The sole question argued touches the constitutionality of the section above quoted. It is conceded that more than five years elapsed after the act in question went into effect before the deed to defendant Halpin was executed. It is the contention on behalf of defendant that this provision is unconstitutional and void, for the reason that it operates to deprive the execution purchaser of his property without due process of law. Counsel for defendant cite the following authorities: *Whipple* v. *Farrar,* 3 Mich. 436 (64 Am. Dec. 99) ; *Willis* v. *Jelineck,* 27 Minn. 18 (6 N. W. 373) ; *Campbell* v. *Holt,* 115 U. S. 620 (6 Sup. Ct. 209), and *Gunn* v. *Barry,* 15 Wall. 610. These cases, it is asserted, sustain defendant's contention that after the time for redemption had expired the execution purchaser had such a vested interest in the property that he could not thereafter be deprived of it by mere legislative enactment.

Complainant insists that the statute is properly maintainable as a statute of limitations, and that it deprives the purchaser at an execution sale of no right except that of indefinite delay in completing his title. It is further asserted that the time limited after the act took effect during which the execution purchaser might demand and record his deed is a reasonable one. Reference is made to the case of *Whipple* v. *Farrar, supra,* where it is said:

"The proceeding by which the judgment debtor is

188 Mich.—29.

to be divested of his property is a statutory one, and until that proceeding has been completed, so as to vest the title, and with it the right to the possession in another, he may lawfully remain in the use and occupation of the premises without being accountable. Upon the expiration of the time limited for redeeming, if the premises are not redeemed, the purchaser, or person holding his title, has a right to have the sale completed by the execution of a deed of conveyance which will give him the right of possession; but until such deed is executed, or he become in some other way vested with the legal title, he has no right to demand, and cannot recover the possession, and not having been entitled to the possession, he has no claim on account of the use and occupation."

The rights of purchasers at execution sales were later considered in the case of *Whiting* v. *Butler*, 29 Mich. 122. Three opinions were written in the case. While disagreeing in some matters, they seem to agree that the rights secured by an execution purchaser at the sale are inchoate before deed, and that it is necessary for the purchaser to procure his deed in order to complete his title; that the mere purchase and certificate of sale alone either before or after the expiration of the redemption period do not confer any right to possession or beneficial use of the premises. The same principle is recognized in the case of *Cook* v. *Knowles*, 38 Mich. 316, 322, where it is said:

"But one thing is quite clear, and it is that the plaintiff acquired no complete legal title or any right of possession until October, 1856, when the redemption was over and he obtained his deed, and this was less than 20 years before suit. No one could raise a right against him to the premises by an adverse holding whilst he was not invested with the legal title and could not enter at all for his own protection."

The claim advanced by defendants that the statute operates as a confiscation of defendant's property rather than as a reasonable limitation is, we think, untenable. When the redemption period had expired,

Wattles had an interest in the premises in question. The interest, though assignable and capable of being inherited, was inchoate in character, until by his own act in taking a sheriff's deed it ripened into a complete estate. Until he took that action the right to possession and the beneficial use of the premises belonged to the execution debtor or his grantee. The fact that the estate sold to Wattles was a remainder, subject to an intervening life estate, is of no importance. Had he chosen within five years after the expiration of the redemption period to take out his deed, he would thereupon have become vested with the right of possession, the enjoyment of which would be postponed during the continuance of the life estate.

Counsel for defendant concede the validity of the statute so far as it affects sales made after the act took effect. In our opinion, the argument which would invalidate the latter part of the section would be equally cogent as against the earlier part. It is urged that under the latter part of the section the failure of the execution purchaser to record the deed. within five years which had been taken out within that period would operate to defeat the title of the execution purchaser and his deed. In this case it is unnecessary to determine the effect of the statute requirement as to recording the deed. No such question is here presented; the deed itself not having been executed by the sheriff until long after the expiration of the five years limited by the statute. See, generally, *McKesson* v. *Davenport,* 83 Mich. 211 (47 N. W. 100).

The decree of the court below is reversed, and one will be entered in this court in accordance with the prayer in the bill of complaint.

KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.