[Civ. No. 8632.   First Appellate District, Division One.—January 30, 1933.]

F. T. McSHERRY, Respondent, v. THE MARKET CORPORATION (a Corporation), Appellant.

Maurice E. Gibson for Appellant.

Louis Oneal and H. D. Durst for Respondent.

THE COURT.—An action to recover for services rendered and for money loaned and expended by Joseph McSherry, who thereafter assigned his claims to plaintiff.

The court entered judgment for plaintiff, which included an award of $2,000 agreed to be paid the assignor under a written contract, and $550 expended by him. Defendant corporation has appealed from these portions of the judgment. Plaintiff was also awarded judgment for other sums claimed by the assignor, but of those the defendant does not complain.

The complaint alleged and the court found that on November 10, 1928, defendant, a corporation which had then been organized, assumed the contract mentioned and agreed to pay said sum of $2,000; further, that the sum of $550 was expended by the assignor pursuant to the contract, and an itemized statement thereof presented to the directors of the corporation, who refused to act thereon.

The corporation does not deny that the services were rendered under the contract, but claims that no recovery can be had for the reason there was no allegation or proof that the assignor was a duly licensed real estate broker. It also claims that in the absence of proof that the defendant's directors approved the expenditures these cannot be recovered.

The $2,000 claim arose out of a written agreement between the assignor and one Weeks. This agreement recited that the two were engaged in organizing a corporation for the purpose of leasing and operating a public market, and that they desired to define their respective interests in the stock of the company; that other than stock which might be sold for the purpose of assisting in financing the corporation and one qualifying share to each director, all·stock issued should be divided between the two parties to the contract as follows: to Weeks or his nominees sixty per cent, and to the assignor forty per cent thereof; further, that conditioned upon the opening of the market the assignor, in addition, should receive for his services to be rendered prior to the organization of the company in securing tenants for the market said sum of $2,000 and his expenses, these sums to be paid by the corporation. ·

It is admitted that services were rendered by the assignor under the contract and that the corporation assumed them and agreed to pay therefor, its sole defense being as above stated. When the corporation was organized was not shown nor was it expressly alleged or found when the services under the contract were rendered. It is a fair conclusion, however, from the facts appearing that they were rendered before the corporation came into existence. It also does not appear that any persons other than the two parties to the contract became stockholders in the company except that the contract names three other persons who were to be the organizers of the company and who with

said parties were to act as directors until the election of their successors; but it does not appear that these persons acquired stock therein except to the extent necessary to qualify them as directors. It may fairly be inferred that the corporation was but an instrumentality to carry out the venture (*Wise Realty Co.* v. *Stewart,* 169 Cal. 176 [146 Pac. 534]).

Section 2 of the act defining and regulating real estate brokers defines a real estate broker within the act as a person, partnership or corporation who, among other things, for a compensation "leases or offers to lease, or negotiates for the sale, purchase or exchange of leases, rents or offers for rents or collects rent from real estate . . . " No action for compensation for the performance of any of the acts mentioned could be maintained without alleging that such person was duly licensed. However, the section also provided that "the provisions of this act shall not apply to any person, copartnership or corporation who shall perform any of the acts aforesaid with reference to property owned by such person, copartnership or corporation" (Deering's Code and General Laws, Consolidated Supplement, 1925–27, p. 832).

In the present case it is clear from the contract taken in connection with what was done thereunder (the evidence in this connection being hereinafter set forth) that the relation of the parties was so closely analogous to that of partners that their rights should be governed by the same rules. The transaction was a joint adventure, this term being used to characterize a single joint adventure, while the term "partnership" is more generally used to characterize a general and continuing joint adventure (*Keyes* v. *Nims,* 43 Cal. App. 1 [184 Pac. 695]; *Dempsey-Kearns etc. Enterprises* v. *Pantages,* 91 Cal. App. 677 [267 Pac. 550]). However, the resemblance is so close that the rights of the parties are governed by practically the same rules (15 R. C. L., Joint Adventurers, 500; *Keyes* v. *Nims, supra; Butler* v. *Union Trust Co.,* 178 Cal. 195 [172 Pac. 601]); and the relation is sometimes designated a limited partnership (*Vail* v. *Pacific Fish Products Co.,* 76 Cal. App. 58 [243 Pac. 869]). Whether the parties had acquired an interest in the market property at the time the contract was made was not shown; but it does appear from the contract that the question whether they should proceed with the

project depended upon their ability to induce others to rent space therein, and the value of their stock would depend upon their success in this respect. If they were partners and owned the property or an interest therein then it is clear that the statute would not apply; nor do we think it can reasonably be held to have been the intention that it should apply where the acts are to be done with respect to property which partners expect to acquire under circumstances such as appear in the present case.

Defendant introduced evidence that the assignor solicited tenants for the market; but it was also testified that he was experienced in the establishment and conduct of public markets, and that his services under the contract consisted of making a preliminary survey for the purpose of determining the feasibility of the project, and that he designed the floor plan, lighting arrangements and counter spaces, and in general utilized his knowledge in these respects; further, that he interviewed numerous business establishments in the community regarding the quantity and character of business which might be expected at the proposed location of the market. These facts standing alone would not prevent the application of the statute, but they indicate the character of the services contemplated by the parties, and, taken with the provisions of the contract, support the conclusion that the relation of the parties was essentially that of partners and that the transaction was one which the statute excepted from its operation.

Nor does the fact that this payment to the assignor was to be made only in case the project should be successful, and then by the corporation, change the rule. The contract being valid when made and performed, and the corporation having received and accepted the benefit, there is no legal objection to a recovery against it.

With respect to the claim for moneys expended the contract provided that the assignor should be reimbursed for his actual expenses in performing services thereunder; that an itemized list thereof should be presented and approved by the directors of the corporation. The court found that the corporation assumed the payment of the expenses; that the sum of $550 was incurred as such expense by the assignor in that connection and that he presented an itemized statement thereof to the directors. It was also found

that the latter refused to act thereon; and for that reason the corporation claims that no recovery can be had.

The finding brings the case within the rule that recovery on a contract is not precluded because of the refusal of a referee named therein to act (13 Cor. Jur., Contracts, sec. 774, p. 681; *Shirk* v. *Lingeman,* 26 Ind. App. 630 [59 N. E. 941]; *Potter* v. *Holmes,* 72 Minn. 153 [75 N. W. 591]; *Coplew* v. *Durand,* 153 Cal. 278 [95 Pac. 38, 16 L. R. A. (N. S.) 791]).

We are satisfied that the conclusions of the trial court are correct, and the judgment is accordingly affirmed.