[Civ. No. 13395.   Second Dist., Div. Three.   July 23, 1942.]

NAT JOLTON, Respondent, v. MINSTER GRAF & CO. (a Partnership) et al., Appellants.

Jensen & Jensen and Wm. C. Jensen for Appellants.

Henry S. Cohen and Bernard B. Cohen for Respondent.

518

SHINN, J.—Appeal by defendants from a judgment in an action for damages for breach of duty and fraudulent conduct in failing diligently and faithfully to represent plaintiff as his agents in the matter of the sale of property which defendants had been engaged to sell for plaintiff.

The basis of the judgment, as established by the findings, was that defendants actually found a purchaser and made a sale of the property for the owner but intentionally delayed consummating the sale until an option which plaintiff held to purchase the property had expired, as a result of which conduct plaintiff suffered a loss to the extent of the profit that he would have made had the sale been concluded during the lifetime of his option.

On or about March 21, 1940, one Linck and his wife, owners of a lease upon the Breevort Hotel in Hollywood, executed and delivered to plaintiff an option to purchase the lease, on or before April 27, 1940, for the sum of $2,000 cash. Two days later plaintiff engaged J. D. Minster and Fred Graf, doing business under the name of Minster, Graf & Co. and who are licensed real estate brokers, to act for him as his agents to procure a purchaser at a price of $6,000 and they agreed to accept for their services in the event of a sale $1,000. Defendants advertised the property for sale and early in April they contacted G. N. Nickson and Elias Sternglanz as prospective purchasers and notified plaintiff in writing of their plans to sell the property to them. On or about the 10th of April plaintiff introduced Graf to Linck and shortly thereafter Graf, Linck, Nickson and Sternglanz had a conference from which plaintiff was excluded, and from the date of the introduction of Graf to Linck defendants would have nothing to do with plaintiff and refused to confer with him regarding their plans to sell the property. On April 15, through defendants' efforts, an agreement was entered into between Nickson and Sternglanz as purchasers and Linck and wife as sellers for the sale of the property to the former for a price of $9,600; $4,800 in cash and $4,800 to be paid at the rate of $100 a month, this agreement providing that it was conditional upon plaintiff's failure to exercise his option to purchase the property on or before April 27. On April 16 defendants obtained from each of the purchasers a check for $250 as deposit and part payment on the purchase. On April 25 Linck wrote to plaintiff reminding him that his option would expire at midnight on April 27 and notifying him that it would not be extended.

On or about May 2 the sale to Nickson and Sternglanz was concluded and they received from the owners of the real property a new lease for the unexpired term of the existing lease for the consideration theretofore agreed upon, and defendants received a commission of $1,000 from Linck.

The court found that defendants concealed from plaintiff the fact that they had made a sale of the property to Nickson and Sternglanz and intentionally concealed the fact that they had received a deposit on the sale until plaintiff's option had expired; that they were guilty of fraud, bad faith and deceit in their dealings with plaintiff; that they did not exercise diligence in completing the sale for plaintiff and prevented a consummation of the sale with intent to deprive plaintiff of the profit he would have received had the sale been made during the life of his option, to his damage in the sum of $3,000, for which plaintiff received judgment. His demand for exemplary damages was denied.

As a defense to the action and in attempted justification of their refusal to close the sale as plaintiff's agents, defendants alleged by answer that plaintiff had represented himself to be the agent of Mr. and Mrs. Linck, had misrepresented the terms of the lease, that plaintiff's option had been obtained without consideration, that plaintiff could not have obtained the written consent of the owner of the real property to a transfer of the lease to the proposed purchasers, and that for these reasons defendants, upon learning the true facts, notified plaintiff that they would not represent him further in the transaction. The court found that plaintiff did not make all or any of the representations alleged by the defendants, did not make any representation to them fraudulently, and that defendants did not terminate their agency but that the same continued during the life of plaintiff's option and until the property was sold. The evidence fully sustains these findings.

Much of appellants' argument fails because it is based upon assumed facts consistent with their theories but contrary to the findings of the court. It is contended by appellants that plaintiff did not hold an option from Linck and wife but that while his agreement was, in terms, an option to purchase, it created a mere agency; that the agreement of Linck and wife to sell the property for $2,000 to their agent was unfair to the former; that plaintiff would have made an unfair profit if he had effected the sale for $6,000,

and that therefore his contract was unenforceable and worthless. Plaintiff's agreement with Linck and wife was in form an option to purchase the lease for $2,000 cash, duly acknowledged by Linck and wife. There was no evidence that plaintiff was acting as the agent of Mr. and Mrs. Linck other than the testimony of defendants that plaintiff stated to them that he was so acting, which was denied by plaintiff. In a letter of April 16, 1940, written to defendants, signed by Nickson, Sternglanz and Mr. and Mrs. Linck, and another letter written by Mr. Linck to plaintiff April 25, 1940, the agreement was referred to as an option which would expire at midnight, April 27. The court found upon ample evidence that the agreement was an option and that plaintiff was not the agent of Mr. and Mrs. Linck and did not represent himself to defendants as such agent.

■ Appellants complain of certain rulings in the exclusion of testimony, all relating to the question whether plaintiff was representing Mr. and Mrs. Linck as their agent and so represented to defendants. The court admitted all the conversations between plaintiff and defendants on that subject but refused to allow defendant on cross-examination of plaintiff to question him whether he had listed the property for sale with other brokers and had made statements to other brokers that he was the agent of plaintiff. No offer was made to prove such statements by the testimony of other witnesses. We see no error in these rulings. Defendants asked Mr. Linck if he had ever had a conversation with plaintiff relative to plaintiff's acting as his agent. The witness answered that he had not, the answer was stricken, and the ruling is now assigned as error. The ruling was proper and obviously harmless, considering the answer.

■ It appeared that plaintiff was not a licensed real estate broker although he had been formerly licensed as a salesman. It is contended that he could not lawfully have received compensation in his transaction with Mr. and Mrs. Linck unless he had been a licensed broker. The evidence was that he had been buying, selling and building on real estate on his own account, and the finding of the court that he was not acting as the agent of Mr. and Mrs. Linck but only as an optionee dealing on his own account is conclusive on this point. He was not required to hold a broker's license to engage in business for himself.

■ Appellants' next contention is that defendants had a

right in good faith to terminate their agency for just cause and thereafter to enter into transactions involving the matters embraced within the agency on their own account. The weakness of this argument is that the court found from abundant evidence that defendants had no just cause for terminating their agency, did not terminate it, and that they disregarded and violated their obligations to their principal in bad faith.

The next contention is that plaintiff's evidence failed to show that the sale could have been made to Nickson and Sternglanz by defendants as agents of plaintiff; also that it failed to show that plaintiff could have enforced his option against Mr. and Mrs. Linck, and further that plaintiff's evidence did not show that the owner of the real property would have consented to an assignment of the lease to Nickson and Sternglanz, which consent would have been necessary to a valid transfer of the lease to them by Mr. and Mrs. Linck. These contentions are without merit. It is true that plaintiff had an option to purchase property for $2,000 which Mr. and Mrs. Linck subsequently sold for $9,600, but that fact alone would not render the contract invalid and apparently it was considered by Mr. and Mrs. Linck to be binding upon them. Their letters which we have mentioned would bear this construction. Defendants questioned a witness named A. Brigham Rose as to whether he had ever expressed his willingness or unwillingness to consent to a transfer of the lease to plaintiff and the answer of the witness was "Definitely yes" which answer was stricken out. Mr. Rose was an attorney at law and held a power of attorney which would have authorized him to act in the matter on behalf of the owner of the realty. A sufficient answer to the contention that plaintiff's evidence did not show his ability to obtain the consent of the lessor is that a new lease was executed to Nickson and Sternglanz, as lessees, at the rental and for the unexpired term of the lease under option to plaintiff. It conclusively appears that the new lessees were regarded as satisfactory tenants and the fact that they entered under a new lease instead of under an assignment of the existing lease is quite immaterial. There is no reason to believe that the same new lease could not have been obtained by negotiations through plaintiff, as optionee, as well as by negotiations through the Lincks.

The law governing the case is clear. Defendants were

plaintiff's agents and were under duty to act in the highest good faith. (*Gammon* v. *Ealey & Thompson,* (1929) 97 Cal. App. 452, 458 [275 Pac. 1005], and cases there cited.) It was their duty to inform their principal of every fact material to the advantage of the principal. (*McPhetridge* v. *Smith,* (1929) 101 Cal. App. 122, 139 [281 Pac. 419]; *Orfanos* v. *California Insurance Co.,* (1938) 29 Cal. App. (2d) 75, 80 [84 P. (2d) 233].) The court found from ample evidence that defendants were guilty of the concealments and breaches of duty toward plaintiff which we have noted and that plaintiff was thereby damaged to the extent of $3,000, consisting of the gross profit he would have made upon a sale of the property to Nickson and Sternglanz of $4,000, after deducting therefrom $1,000 which he had agreed to pay defendants. We find no error in the manner in which the trial was conducted nor in the result reached.

The judgment is affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.