223 P.2d 158

**PETTY v. PETTY et al.**

No. 7660.

Supreme Court of Idaho.

Sept. 29, 1950.

Rehearing Denied Oct. 31, 1950.

Walter H. Anderson, Pocatello, for appellants.

476

Zener & Peterson, Pocatello, for respondent.

PORTER, Justice.

Respondent is the minor daughter of one Follis Gardner Petty and Mary Marguerite Ford Petty. Appellant, Iva Petty, is the legal wife of Follis Gardner Petty. On May 25, 1944, an action, No. 13362, was commenced in Bannock County by respondent entitled "Faith Geneal Petty, A Minor, by and through her Guardian Ad Litem, Mary Marguerite Ford Petty, plaintiff, v. Follis Gardner Petty and Iva Petty, his wife; W.S. Jacobson, and Phoebe Jacobson, his wife; Delbert Hansen and Lorena Hansen, his wife; and Idaho Bank and Trust Company, a corporation; and the First Security Bank of Idaho, a corporation, Defendants." By such action, respondent sought to recover for support and maintenance against Follis Gardner Petty and to restrain the defendants from transferring or concealing any property belonging to him. A demurrer on the ground of misjoinder was sustained as to all defendants except Follis Gardner Petty. No formal judgment of dismissal appears, but the action was thereafter prosecuted and judgment entered only against Follis Gardner Petty. Judgment was entered in such action on December 13, 1944, in favor of respondent for the sum of $1,146.72 and for the sum of $50 per month thereafter commencing on the second day of January, 1945, for future support and maintenance.

A companion action, No. 13361, was likewise instituted and prosecuted by Leslie Gardner Petty, a minor son of Follis Gardner Petty and Mary Marguerite Ford Petty.

In November, 1944, appellant, Iva Petty, brought an action in Bannock County, No. 13534, against the respondent and others to quiet title to Lots 15 and 16 in Block 532 of the City of Pocatello. After an appeal to

this court, Petty v. Petty, 66 Idaho 717, 168 P.2d 818, 164 A.L.R. 520, a judgment was entered that the lien of the above descibed judgment of respondent against Follis Gardner Petty was prior and paramount to the claim or interests of Iva Petty in and to such property.

On July 10, 1947, by virtue of an execution showing the sum of $2,345.72 due on respondent's judgment, the sheriff of Bannock County levied upon the described real estate and thereafter duly sold the same on August 4, 1947, to respondent in satisfaction of the amount due on said judgment. On the same day, the sheriff duly issued to respondent a certificate of sale for such property, wherein the purchaser is named as "Faith Geneal Petty, by and through her Guardian Ad Litem, Mary Marguerite Ford Petty." No redemption having been made from such sale, the sheriff of Bannock County, on August 5, 1948, issued a sheriff's deed for such property in which the grantee is named as "Mary Marguerite Ford Petty, Guardian Ad Litem for Faith Geneal Petty."

On September 7, 1948, respondent brought this action in Bannock County to recover the possession of the real estate in question and for an accounting. The defendants, Iva Petty, D. D. Hansen and Lorena T. Hansen filed answer consisting of a general denial, affirmative allegations of payment, and a plea in abatement on the ground of another action pending. The answer describes the above mentioned cases Nos. 13361 and 13362 as the other actions pending. The cause was tried to the court sitting without a jury and resulted in a judgment requiring said defendants to vacate such property and surrender the possession of the same to respondent. Thereafter, motion for a new trial was made by appellants upon all the statutory grounds. This appeal is from the order of the court overruling the motion for new trial.

The main burden of appellants' contention on this appeal is, (a) that the holder of a sheriff's certificate of sale is not entitled to possession until the receipt of sheriff's deed; and, (b) that in the instant case, the sheriff's deed does not run to respondent but is to Mary Marguerite Ford Petty individually, the words, "Guardian Ad Litem for Faith Geneal Petty," being merely descriptio personae.

Appellants' contention that the holder of a sheriff's certificate of sale is not entitled to possession until he has received the sheriff's deed appears to be supported by the authorities. Vandalia R. Co. v. Topping, 62 Ind.App. 657, 113 N.E. 421; Pike v. Halpin, 188 Mich. 447, 154 N.W. 148; 23 C.J. 775-781; 33 C.J.S. Executions, § 309, p. 603. In Cantwell v. McPherson, 3 Idaho 721 at 726, 34 P. 1095 at 1097, this court stated: "The purchaser of real estate at sheriff's sale is not entitled to possession thereof until the time for redemption has expired, and a sheriff's deed executed therefor." See also, Eastern

478

Idaho Loan & Trust Co. v. Blomberg, 62 Idaho 497, 113 P.2d 406.

 Appellants cite numerous cases which they urge uphold their contention that the words in the sheriff's deed following the name of Mary Marguerite Ford Petty are to be treated as merely descriptio personae. The rules to be followed in determining whether or not words following the name of a grantee are to be considered as descriptio personae, are stated in 26 C.J.S., Deeds, § 99 f, pp. 355–356, as follows:

"Words designating the representative or official character of the grantee may be, but are not necessarily, merely descriptio personae.

"Words designating the representative or official capacity of the grantee may be only descriptio personae and will be construed accordingly, unless it can be inferred to the contrary from the instrument, especially where there is an absence of all proof tending to show the existence of a trust estate, and there is none created by the deed. Such words may not, however, be descriptive merely, and the grantee may take the title, not in his individual capacity, but in the capacity designated.

"In determining whether a grantee takes individually or in a trust or representative capacity where words referring to him as a trustee or representative appear in the deed, it has been held or recognized that the court will apply applicable rules of construction to ascertain the purpose or intention, considering the instrument as a whole, reconciling repugnant parts if possible, and keeping in view the relative force and effect of the various clauses, * * *."

 In the instant case we are not considering an ordinary grantor who can transfer his title to a grantee of his choosing. The sheriff, in executing his deed, is dealing with the rights and title of the judgment debtor under statutory authority and is only authorized by statute to execute the deed in favor of the holder of the certificate of sale or a redemptioner. Section 11-403, I.C. A deed to any other person would be of no effect. The interest of the holder of the certificate of sale and the function of the sheriff's deed have been defined by this court in Northwestern & Pacific Hypotheekbank v. Nord, 56 Idaho 86 at 91-92, 50 P.2d 4 at 6, as follows:

"When the foreclosure sale was made and respondent bid in the property for the amount of the debt and costs, and the sheriff executed and delivered a certificate of sale, title passed from defendants to plaintiff for the property in question (section 8-310, I.C.A.), and the judgment was thereby paid; there no longer existed any indebtedness from defendants to plaintiff. (Citations.)

"The only right or property interest remaining in the mortgagor was the right to divest the purchaser of his title at any time within one year after sale by compliance with the redemption statute. (Citations.)

"A redemption when made is not from the mortgage lien but from the execution sale, and a deed subsequently given by the sheriff passes no additional title, but rather evidences that the purchaser's title has not been divested by redemption." (Citations.)

The sheriff's deed in this case refers to the judgment and decree, the execution thereon, to the sale of the property and the issuance of the certificate of sale, which certificate of sale is, by reference, incorporated in the deed. The deed further recites that no redemption has been made and that the time for redemption has expired.

The sheriff, being without authority to execute the deed in favor of anyone except respondent, and from the recitals in the deed, it must be held that Mary Marguerite Ford Petty took title in her representative capacity for the use and benefit of respondent and that the words, "guardian ad litem of Faith Geneal Petty," are not merely descriptio personæ. The respondent has, therefore, shown herself, in this respect, to be entitled to maintain an action for possession.

Appellants complain that the court erred in failing to find upon their plea in abatement based on the ground of the pendency of other actions involving the same questions. Assuming, but not holding, that cases Nos. 13361 and 13362 are still pending against appellants, a comparison of such cases with the instant case discloses that they involve different parties, state different causes of action, pray for different relief and require different proof. The files in such cases are in evidence and there is no dispute as to the facts. As a matter of law, the pendency of such actions would not sustain a plea in abatement. 1 C.J.S., Abatement and Revival, § 39, p. 62.

The record discloses that appellants tendered proposed findings of fact to the trial court and did not therein ask for a finding on their plea in abatement. Their failure to ask for such finding constitutes a waiver of the error, if any, on the part of the trial court. Koser v. Bohemian Breweries, 69 Idaho 33, 202 P.2d 398.

Appellants urge that the court erred in overruling the demurrer to the complaint in that the complaint does not allege that the plaintiff had any right to possession as required by law. The complaint alleges ownership in the respondent, possession by appellants and refusal to surrender such possession. In Froman v. Madden, 13 Idaho 138 at 143–144, 88 P. 894 at 895, in holding adversely to appellants' contention, this court said: "One who establishes his title makes a case entitling him to possession. If any special or peculiar reasons exist why the right of possession in any particular instance should not follow the title, that fact should be shown

480

in defense of the action. In the very instructive case of Payne et al. v. Treadwell, 16 Cal. [220] 244, Mr. Justice Field, in discussing the subject of ejectment, said: 'If the defendant's holding rests upon any existing right, he should be compelled to show it affirmatively in defense. The right of possession accompanies the ownership. * * * The right of present possession is presumed as a matter of law. * * * It is by force of this presumption that the plaintiff can rest, in the first instance, his case at the trial upon proof of his seisin, and of the possession by the defendant. From these facts, when established, the law implies a right to the present possession in the plaintiff, and a holding adverse to that right in the defendant.' "

Finally, appellants urge that the court erred in rendering decision while there was a motion pending to reopen the case without any ruling thereon. An examination of the record discloses that the court in fact upon appellants' motion, reopened the case and permitted appellants to introduce additional evidence consisting of an abstract of title as prayed for in the motion to reopen.

No reversible error being made to appear, the judgment of the trial court is affirmed. Costs awarded to respondent.

GIVENS, C. J., TAYLOR and KEETON, JJ., and KOELSCH, District Judge, concur.