330 P.2d 982

Harold R. **HARVEY** and Jessamine C. Harvey, husband and wife, Plaintiffs-Appellants,

v.

Eldon A. **BROWN** and Florabelle Brown, husband and wife, and Lynn D. Weller and Lauretta W. Weller, husband and wife, Defendants-Respondents.

No. 8672.

Supreme Court of Idaho.

Oct. 22, 1958.

Anderson & Anderson, Pocatello, for appellants.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondent Brown.

Merrill & Merrill, Pocatello, for respondent Weller.

TAYLOR, Justice.

Prior to January 29, 1955, plaintiffs (appellants) husband and wife, had owned and operated a "dude ranch" fronting on Hen-

rys Lake in Fremont County. One, M. F. Rigby, had foreclosed a first mortgage on the real property and January 29, 1955, was the last day of the redemption period.

Plaintiffs allege that on that day plaintiff Harold R. Harvey and defendant (respondent) Lynn D. Weller entered into an oral agreement by the terms of which Weller agreed to redeem the property from the Rigby foreclosure. Weller was the holder of a junior incumbrance on the real property securing an obligation of $5,000. The sum required for redemption was $17,000. On his part, Harvey agreed to find a buyer for the dude ranch, consisting of the real property, and certain personal property of the Harveys located thereon. The agreed sale price was $35,000. Of this, Weller was to receive $30,000, one, Harry Morgan, was to receive $4,000, and approximately $1,000 was to be applied to the liquidation of federal and state taxes against the properties. It was to be agreed with the purchaser that three parcels of the land, described as tracts B, C, and H, would be conveyed to Harvey in consideration of his services in finding a buyer and in consideration of the personal property contributed by plaintiffs to the "package deal." This consideration was to become due to Harvey when the deal was consummated and the purchase price paid in full.

Plaintiffs further allege that thereafter they procured Browns to purchase the lands and chattels, and that it was orally agreed between the Browns, Wellers and plaintiffs that plaintiffs were to receive the three parcels of the real property, in consideration of their personal property and their services in securing Browns as purchasers; that Browns consummated a deal with Wellers for the properties, both real and personal, and, in violation of the oral agreements made with plaintiffs, Browns and Wellers concealed the details of their agreement from plaintiffs and, conspiring to defraud plaintiffs, denied to plaintiffs any interest in the transaction, or in the properties involved. The prayer of plaintiffs' complaint is for a "declaratory judgment stabilizing, fixing, settling, and clarifying their rights and liabilities in connection with said transaction of said properties and that the rights and liabilities of the plaintiffs and all others connected with said matter be declared, fixed, settled and stabilized and for costs of suit and general relief."

Defendants, Wellers and Browns, appearing separately, filed general and special demurrers to the original, first, and second amended complaints, which the trial court sustained. After sustaining the general demurrers to the second amended complaint, the trial court denied leave to amend further and dismissed the action.

From these orders plaintiffs brought this appeal.

In support of their demurrers, the defendants contend that on January 29, 1955,

when plaintiffs allege the first oral agreement was entered into, the title to the real property was in M. F. Rigby, as holder of the sheriff's certificate of sale, and that at that time plaintiffs had no title, but only a right of redemption. For this proposition they cite: I.C. § 11–310; Steinour v. Oakley State Bank, 45 Idaho 472, 262 P. 1052; Keel v. Vinyard, 48 Idaho 49, 279 P. 420; Caldwell v. Thiessen, 60 Idaho 515, 92 P.2d 1047; Eagle Rock Corp. v. Idamont Hotel Co., 60 Idaho 639, 95 P.2d 838; Petty v. Petty, 70 Idaho 473, 223 P.2d 158. In Petty v. Petty this court quoted from Northwestern & Pacific Hypotheekbank v. Nord, 56 Idaho 86, 50 P.2d 4, as follows:

" 'The only right or property interest remaining in the mortgagor was the right to divest the purchaser of his title at any time within one year after sale by compliance with the redemption statute. (Citations.)

" 'A redemption when made is not from the mortgage lien but from the execution sale, and a deed subsequently given by the sheriff passes no additional title, but rather evidences that the purchaser's title has not been divested by redemption.' (Citations.)" 70 Idaho 473, at pages 478–479, 223 P. 2d 158, at page 161.

Defendants further contend that when Wellers redeemed, title to the real property came to them from Rigby as community property free from any incumbrance or obligation arising out of the alleged oral agreement claimed by plaintiffs; that when Browns acquired the title from Wellers, it likewise came to them as community property free from any contractual obligation to plaintiffs; and that the alleged agreements, being oral agreements for the conveyance of real property, are void under the statute of frauds. I.C. §§ 9–503, 9–505. Defendants further contend that the property, being community property, first of Wellers and then of Browns, the alleged agreement for the transfer of a portion thereof to plaintiffs, not being joined in, executed or acknowledged by either Mrs. Weller or Mrs. Brown, is void and unenforceable. I.C. § 32–912.

Countering defendants' contentions with respect to the statute of frauds, plaintiffs urge that full performance of conditions of the contract on their part is sufficient to remove the agreement from the operation of the statute, relying upon Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686. Responding to this, defendants point out that there are no allegations in the complaint of delivery of possession, pursuant to the oral agreement, nor of valuable improvements made by the promisee in reliance thereon, as in the Wormward case.

Countering defendants' contention with respect to the nonjoinder of the wives in the agreement to convey community property, plaintiffs contend that the property

came to the respective communities of Wellers and Browns incumbered by the agreement, and that the joinder of the wives was not necessary. Although not cited, plaintiffs rely upon the rule announced in Morgan v. Firestone Tire & Rubber Co., 68 Idaho 506, 201 P.2d 976. As above indicated, defendants contend that at the time the oral agreements are alleged to have been entered into, plaintiffs had no title to the real property upon which they could impose any lien, reservation or exception.

A decision on the foregoing is not necessary to a determination of this appeal, and since such issues may be affected by further pleadings or evidence, we refrain from further comment.

Defendant Weller makes the further contention that the agreement alleged between himself and Harvey was one requiring Harvey to act as a real estate broker, as defined in I.C. § 54-2022, and, since the complaint does not allege that Harvey had a license to act as a real estate broker, as required by I.C. § 54-2045, he could not maintain the action; and further, that the agreement, not being in writing and signed by the owner of the real estate, was invalid under I.C. § 9-508.

The agreement alleged does not come within the prohibitions of the real estate brokers act, or the latter section requiring such agreements to be in writing, simply because I.C. § 54-2024 specifically provides that the real estate brokers act shall not apply to any person "who being the owner of property, sells, exchanges, leases, rents, or otherwise disposes of the same for his own account, * * *." It is true that at the time of the oral agreement with Weller, the plaintiffs did not have the title to the real property. However, on that day they did have the right to restore their title by redemption, which at least gave them some interest or concern in the disposition to be made of the real property. Moreover, plaintiffs' personal property, which they allegedly contributed to the proposed "package deal", appears from the complaint to be of considerable value. Although the value is not alleged, the listed items of personal property occupy five double columned pages of the transcript, and consist of furniture and equipment for kitchen or cafe, barroom, two lounge rooms, and twelve guest cabins. The personal property was a part of, and essential to, the operation of the real property as a dude ranch. The making of the agreement as alleged indicates that plaintiffs and Wellers believed that the property could be sold as a unit to the mutual advantage of both parties. The agreement contemplated a joint venture, or limited partnership, to which Wellers were to contribute real property and the plaintiffs were to contribute personal property and services in selling, for the mutual profit of both.

Tufts v. Mann, 116 Cal.App. 170, 2 P.2d 500; McSherry v. Market Corp., 129 Cal. App. 330, 18 P.2d 776; Hatupin v. Smith, 21 Wash.2d 132, 150 P.2d 675. Under these circumstances, we think that plaintiff Harvey had such an interest in the property to be sold that his undertaking to find a buyer did not come within the purview of either the real estate brokers act or the statute of frauds. He was primarily acting for his own account, not "for others." Cf. Tufts v. Mann, supra; Ruess v. Baron, 217 Cal. 83, 17 P.2d 119; McSherry v. Market Corp., supra; Jolton v. Minster-Graf & Co., 53 Cal.App.2d 516, 128 P.2d 101; Hatupin v. Smith, supra; Williams v. Kinsey, 74 Cal.App.2d 583, 169 P.2d 487; Hopkins v. Heskett, 189 Minn. 322, 249 N. W. 584; Moore v. Henderson, 11 La.App. 674, 124 So. 702. Moreover, if Harvey's agreement had placed him in the position of a real estate broker, the effect would be limited to a denial of any compensation for the sale of the real estate. Even in such case, he would be entitled to recover the consideration for the personal property.

The controlling question is whether or not the facts alleged, viewed in the light most favorable to the plaintiffs, are sufficient to show an actionable right of recovery in them.

"Under the provisions of our Code, the technicalities of pleading have been dispensed with, and the plaintiff need only state his cause of action in ordinary and concise language, whether it be in *assumpsit,* trespass, or ejectment, without regard to the ancient forms of pleading, and the plaintiff can be sent out of court only when, upon his facts he is entitled to no relief either at law or in equity." Rauh v. Oliver, 10 Idaho 3, at page 9, 77 P. 20, at page 22.

"Under the provisions of section 1, art 5, of the Constitution, the distinctions between actions at law and suits in equity and the forms of such suits and actions are prohibited, and it is there declared that there shall be in this state but one form of action for the enforcement or protection of rights or the redress of private wrongs." Bates v. Capital State Bank, 21 Idaho 141, at page 147, 121 p. 561, at page 562.

" 'There being but one form of civil action in this state, a plaintiff may recover if his complaint "states any cause of action entitling the plaintiff to any relief at law or in equity." (Citation). It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and a party cannot be thrown out of court merely because he may have misconceived the form of relief to

which he is entitled. (Citations).'" Casady v. Scott, 40 Idaho 137, at page 154, 237 P. 415, at page 420.

"Moreover, a demurrer admits the truth of all facts well pleaded and all intendments and inferences that may reasonably be drawn therefrom, and the facts alleged will be construed in the light most favorable to plaintiff (American Home Benefit Ass'n v. United American Benefit Ass'n, 63 Idaho 754, 759, 125 P.2d 1010), * * *." Paulsen v. Krumsick, 68 Idaho 341, 346–347, 195 P.2d 363, 366.

See also Addy v. Stewart, 69 Idaho 357, at pages 362 and 363, 207 P. 498, and Hoffman v. Barker, 79 Idaho 339, 317 P.2d 335, where these rules are reiterated and other authorities collected.

"* * * equity, obtaining jurisdiction of the subject-matter of a dispute will retain it for the settlement of all controversies between the parties with respect thereto." Gillette v. Oberholtzer, 45 Idaho 571, at page 576, 264 P. 229, at page 230.

Finlayson v. Waller, 64 Idaho 618, 134 P.2d 1069.

■ Viewed in the light most favorable to the defendants (contrary to the rule above-mentioned) the complaint herein would entitle plaintiffs to recover from Wellers or Browns or both, the value of the personal property transferred along with the real estate. From the facts alleged, it appears that Wellers received a profit on the transaction of $8,000 above their investment, at least part of which would represent the sales value of the personal property contributed by plaintiffs; also, that Browns received the three described parcels of land over and above that for which they agreed to pay $35,000.

The complaint is sufficient to state a cause of action as against the general demurrers.

The judgments of dismissal are reversed and the cause is remanded to the district court for further proceedings in conformity herewith.

Costs to appellants.

KEETON, C. J., and PORTER, SMITH and McQUADE, JJ., concur.