350 P.2d 348

**David W. SMITH and Amalia Smith, Plaintiffs-Respondents,**

v.

**Francis A. SHINN and R. D. V. Shinn, Defendants-Appellants.**

**No. 8734.**

Supreme Court of Idaho.

March 18, 1960.

Fredricks, Roberts & Burgoyne, Boise, for appellants.

Clemons, Skiles & Green, Boise, for respondents.

Richards, Haga & Eberle, Boise, amicus curiae.

recorded in the office of the county recorder of Ada County. On May 13, 1955, appellants caused to be filed in said recorder's office an instrument entitled "Building Restrictions for Flamingo Park" (hereinafter referred to as restrictions), which instrument contained a provision as follows:

"Par. 2(b) No residence shall be erected on any lot or parcel nearer than 25 feet to the *front street line* nor nearer than 7½ feet to any side lot line, nor nearer than 50 feet from the rear of any lot (except lot 4 where the distance shall not be less than 15 feet from the rear of the lot), nor nearer than 15 feet to any *side* street. Exception: On Lots 4, 5, 6, 17, 18 and 19, buildings may be erected within 5 feet of any side line thereof." (Emphasis supplied.)

On October 10, 1955, respondents purchased from appellants lot 27 of said Flamingo Park subdivision and constructed a dwelling thereon.

Appellants retained title to lot 4 in said subdivision and on or about January 1, 1958, the construction of a dwelling thereon was commenced. On January 21, 1958, at which time said construction had proceeded to a point where the first walls had been erected upon the cement foundation, respondents notified appellants of their contention that the construction on said lot 4 violated the provision contained in

KNUDSON, Justice.

On May 11, 1955, appellants, the then owners of a subdivision, hereinafter referred to as Flamingo Park, caused a plat thereof, describing 27 numbered lots, to be

said restrictions and also notified appellants to discontinue such construction. Construction of the dwelling on said lot 4 continued and on February 10, 1958, respondents filed this action alleging that such construction violated Par. 2(b) of the restrictions in that said building is only 18.05 feet from the front street line and only 10.75 feet from the side street of said lot 4. Respondents prayed that appellants be enjoined and restrained from further construction of said buildings and that respondents be allowed attorneys fees and costs.

At the conclusion of respondents' case the court permitted respondents to amend the prayer of their complaint to ask that appellants be required by mandatory injunction to comply with said building restrictions. Judgment was entered in favor of respondents directing appellants to effect the removal, within sixty days of the date of the judgment, of such part of the structure on said lot 4 as is nearer than 25 feet to the west line and nearer than 15 feet to the north line of said lot. Respondents were also allowed attorneys' fees in the amount of $750 and costs. This appeal is taken from said judgment and the order denying appellants' motion for a new trial.

One of the principal issues in this action involves the interpretation to be given the words "front street line" and "any side street" as used in said Par. 2(b) of said restrictions.

Said lot 4 is bounded on the west by Flamingo Drive and on the north by Cruzen street, each of which streets is shown upon the plat as being 40 feet in width.

Paving of the streets and installation of curbs in said subdivision were completed before the buildings were erected on any lots therein. The paved portions of the streets, including adjacent curbs on each side, are 26 feet in width and located approximately in the middle of the dedicated street area. There are no sidewalks paralleling said paved portions.

Respondents contend that the word "street" as used in said restrictions refers to the dedicated street lines as shown on the plat, and appellants contend that it refers to the street as constructed for travel. During the trial of the case appellants offered oral evidence by eight witnesses for the purpose of showing what was meant by the said language used and the trial court being of the view "that the meaning and the expression of the intention is not so ambiguous or so difficult to arrive at as to either permit or require explanation or construction" denied the offers. The court's denials of said offers are assigned as error.

In considering the question raised by such assignments it must be kept in mind that the offers were not made in support of an attempt by the dedicator to assert proprietary or private dominion of lands dedicated to the use of the public. The

issue here involved necessitates a determination of a line from which measurements are to be made in order to fix the location of buildings. The purpose of the offers was to show that by common usage within the subdivision the words "street line" and "side street" had been interpreted and acted upon by the proffered witnesses and other owners as meaning the outer edge of the curb paralleling the property line rather than the property line.

Appellants contend that the evidence which they offered and was by the court refused would disclose that ten of the fourteen homes built in said subdivision were built at a distance of 25 feet back from the *curb line*, not 25 feet back from the *property line*. If the proffered evidence would have established such facts it would manifestly appear that the words used in said restrictions are such that different minds could well reach different conclusions as to their meaning. We do not agree with the view expressed by the trial court that the meaning of the words and expressions here discussed is, when considered in the context as used, so clear and unambiguous as to obviate explanation or interpretation.

 This Court has repeatedly held that where words which are ambiguous or uncertain are used in an instrument concerning which doubt has arisen oral evidence may be introduced to show what is meant by the language used. Stone v. Bradshaw,

64 Idaho 152, 128 P.2d 844; Johansen v. Looney, 30 Idaho 123, 163 P. 303; Barnett v. Hagan, 18 Idaho 104, 108 P. 743. The general rule of the construction applicable to restrictive covenants is stated in 14 Am. Jur. 619 as follows:

"The construction of restrictive covenants, such as are the subject of discussion in this subdivision, involves the same problems that arise in the construction of contracts generally, including such contracts as deeds, mortgages, etc. Primarily, the question is one of intention. In the case of restrictive covenants there is the further principle that such contracts are strictly construed in favor of the free use of property.

* * * * * *

"The entire context of the covenant is to be considered. In construing the words of the covenant, the court is not limited to dictionary definitions. The meaning of the words used is governed by the intention of the parties, to be determined upon the same rules of evidence as other questions of intention."

 We do not here decide that all of the proffered evidence was admissible, however, under the facts in this case it was reversible error for the trial court to refuse to receive and consider competent evidence tending to establish how other property owners, builders and persons dealing with

**148**

property within the subdivision here involved have in good faith interpreted said words and expressions.

 Where a court of equity is asked to enforce a covenant by ordering specific performance and granting an injunction to prevent a breach of it, equitable principles will prevail and the rules of fair dealing and good conscience must be applied. So in this case if such proffered evidence discloses that a substantial number of homes within the subdivision are in fact located less than 25 feet from the front property line it would be inequitable to require appellants to comply with the restrictions under an interpretation or construction different from that applied to other property owners.

One of the material reasons why the court should have permitted evidence tending to disclose what construction had been placed on such restrictions by other interested parties is that it would enable the court to determine if there had been such acquiescence in a particular interpretation by the parties interested as to in effect constitute an abandonment of the construction and interpretation contended for by respondents. Whether there has been such acquiescence depends upon the circumstances of each case. (14 Am.Jur. 644, § 295.)

 Another material reason is that if such proffered evidence discloses that respondents have knowingly and without objection permitted several other grantees within the subdivision to violate the restrictions which they here seek to enforce against appellants equity will not assist them in such enforcement. Such rule rests upon the equitable ground that, if any one who has a right to enforce the covenant and so preserve the conditions which said covenant was designed to keep unaltered shall acquiesce in material alterations of those conditions, he cannot thereafter ask a court of equity to assist him in preserving them. Ronberg v. Smith, 132 Wash. 345, 232 P. 283; Tindolph v. Schoenfeld Bros., 157 Wash. 605, 289 P. 530.

 Appellants assign as error the action of the trial court in allowing, at the conclusion of respondent's case, an amendment to the prayer of their complaint by inserting therein the following language: "and that the defendants be required to comply with said building restrictions". Appellants contend that the amendment inserted whole new issues. With this contention we do not agree. No allegation of fact in the complaint was changed by the amendment, nor was any new allegation added. Respondents' evidence was already before the court and it was upon that evidence the amendment was allowed. The prayer of a complaint is no part of a cause of action, it is merely a statement of the pleader's opinion of what the facts stated in the complaint

entitle him to receive. The same cause of action may give rise to several remedial rights. Idaho Irr. Co., Ltd. v. Dill, 25 Idaho 711, 139 P. 714; Dahlquist v. Mattson, 40 Idaho 378, 233 P. 883; Smith v. Rader, 31 Idaho 423, 173 P. 970. Great liberality should be shown in allowing amendments to pleadings in furtherance of justice between the parties. Relief will be granted in any case where the pleadings and proof entitle the plaintiff to any relief legal or equitable. I.C. § 10–704; Hill v. Bice, 65 Idaho 167, 139 P.2d 1010; Hoy v. Anderson, 39 Idaho 430, 227 P. 1058; Addy v. Stewart, 69 Idaho 357, 207 P.2d 498; Harvey v. Brown, 80 Idaho 379, 330 P.2d 982. Respondents, at the time of filing this action, based their complaint for relief on the facts then in their possession, they did not anticipate that the acts sought to be enjoined would be actually consummated at the time of the trial. After the facts developed they requested the amendment to conform to the proof and the granting or refusal of such request rests in the sound discretion of the trial court, and only when it affirmatively appears that such discretion has been abused will its ruling thereon be disturbed.

■ Appellants specify as error the action of the trial court in awarding attorneys' fees to respondents. In this connection we refer to paragraph 4 of the restrictions which provides:

"Par. 4. If the parties hereto, or any of them, or their heirs or assigns, shall violate or attempt to violate any of the covenants or restrictions herein, any other person or persons owning any other lots in said development or subdivision may prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such covenants or restrictions either to prevent him or them from so doing or to recover damages. In any such action the court shall allow reasonable attorneys' fees to the plaintiff."

Appellants being the parties who are responsible for such provision are bound by its terms. If respondents are successful in their contention that appellants have violated the covenants and restrictions contained in said instrument they are entitled to reasonable attorneys' fees in this action. If their contention is not finally sustained by the court they are not entitled to any such fee.

■ Appellants also contend that servitudes and easements in the nature of restrictive covenants upon real property cannot be created by the mere recording of a declaration of restrictive covenants such as was done in this case. Amicus curiae has filed exhaustive briefs in support of such contention which would be very help-

**150**

ful to this Court in passing upon such an issue. However, there is no such issue involved in this case. The pleadings do not challenge the existence of the restrictions and the principal issue framed by the pleadings is whether appellants have violated the restrictions. There is no showing in the record that such contention was mentioned, discussed or considered by either of the parties or the trial court prior to this appeal. It is the established rule in this jurisdiction that issues not raised in the trial court cannot be presented to this Court on appeal and the parties will be held to the theory upon which the cause was tried in the lower court. Shipman v. Kloppenburg, 72 Idaho 321, 240 P.2d 1151; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686; Webster v. Potlatch Forests, Inc., 68 Idaho 1, 187 P.2d 527; Shepherd v. Dougan, 59 Idaho 465, 83 P.2d 468; Brown v. Hardin, 31 Idaho 112, 169 P. 293; Smith v. Sterling, 1 Idaho 128. For said reason the merits of said contention will not be here considered.

Having concluded that reversible error was committed the judgment is reversed and the cause remanded with instructions to the trial court to grant a new trial. Costs to appellants.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.